**UNITED STATES, Appellee,**

v.

**Robert A. PALUS, Private, U. S. Army, Appellant.**

**No. 40488.**
**CM 440010.**

U. S. Court of Military Appeals.

June 14, 1982.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Major Elliot J. Clark, Jr., Cap-* *tain Charles E. Trant* (on brief); *Captain Marcus C. McCarty.*

For Appellee: *Colonel R. R. Boller, Major Ted B. Borek, Captain Kenneth H. Clevenger, Captain Karen S. Gillett* (on brief); *Major Douglas P. Franklin, Captain James C. Underhill, Jr.*

OPINION OF THE COURT

PER CURIAM:

Appellant was tried by a military judge sitting as a general court-martial convened at Fuerth, Federal Republic of Germany. Consistent with his pleas, appellant was convicted of numerous specifications of making and uttering worthless checks and forgery, in violation of Articles 123a and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 923a and 923, respectively. His approved sentence extends to a dishonorable discharge, confinement at hard labor for 2 years, total forfeitures, and reduction to the grade of E–1.

During the providence inquiry, appellant explained that he had worked as a blackjack dealer in Las Vegas, Nevada, some years earlier and had accumulated considerable gambling debts at a casino. He stated that, though he had paid off much of the debt, he still owed the casino operators a substantial amount of money. He also explained that his wife, who lived with their child in Tucson, Arizona, had been in Las Vegas recently for several days, and that "they" had spotted her and asked her what appellant intended to do about the debt. Appellant informed the military judge that there was "[n]o physical harassment at all, just harassment." Nevertheless, appellant asserted that he feared for his family's physical safety; that he felt his hands were tied; and that he "was almost what you say forced to do it." The military judge accepted appellant's pleas, making no inquiry regarding possible defenses.

During the presentencing hearing, appellant made an unsworn statement and indicated that he "was deathly afraid that they

were going to come after ... [his wife] physically." He also said (emphasis added):

> Yes, I knew I was going to get caught. It was just a matter of time. I had to accomplish a so-called mission, right. I had to accomplish a goal, a goal, a figure. *I had to get them this money. I had to do it.*

Again, the military judge made no inquiry regarding possible defenses.

Before us, appellant contends that his pleas were improvident because his responses set up the defense of duress and were thus inconsistent with his pleas of guilty. We agree.

■ "If an accused ... after a plea of guilty sets up matter inconsistent with the plea, ... a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty." Article 45(a), Uniform Code of Military Justice, 10 U.S.C. § 845(a). *See also United States v. Davenport,* 9 M.J. 364 (C.M.A.1980). Duress is raised as a defense where an accused acts under a reasonably grounded fear of immediate death or serious bodily injury, either to himself or to his immediate family, if he does not commit the act. *United States v. Jemmings,* 1 M.J. 414 (C.M.A.1976); *United States v. Pinkston,* 18 U.S.C.M.A. 261, 39 C.M.R. 261 (1969). *See also* para. 216*f*, Manual for Courts-Martial, United States, 1969 (Revised edition).

■ Here appellant's contention that he was forced to commit the crimes to save his family from physical harm was sufficient at least to raise the defense of duress. The military judge should not have accepted appellant's pleas of guilty as the record stood.

Accordingly, the decision of the United States Army Court of Military Review is reversed. The findings of guilty and the sentence are set aside, and the record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.