# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

### UNITED STATES

v.

### Dante E. WHITESIDE
### Fireman Apprentice (E-2), U.S. Coast Guard

### CGCMS 24252

### Docket No. 1191

### 29 April 2004

Special Court-Martial convened by Commanding Officer, Coast Guard Cutter FORWARD (WMEC-911).  Tried at Norfolk, Virginia, 17 April 2003.

| | |
|---|---|
| Military Judge: | CDR Michael E. Tousley, USCG |
| Trial Counsel: | LT Robert K. Colby, USCGR |
| Detailed Defense Counsel: | LT David M. Dubay, USCGR |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | CDR Jeffrey C. Good, USCG |

### BEFORE
### PANEL NINE
### BAUM, PALMER, & McCLELLAND
Appellate Military Judges

McCLELLAND, Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of unauthorized absence of 283 days terminated by apprehension, in violation of Article 86, Uniform Code of Military Justice (UCMJ); one specification of making a false official statement, in violation of Article 107, UCMJ; and one specification of using marijuana in violation of Article 112a, UCMJ.  The military judge sentenced Appellant to a bad-conduct discharge, confinement for nine months, and reduction to E-1.  The Convening Authority approved the sentence but suspended confinement in excess of 160 days, in accordance with the pretrial agreement.

Before this Court, Appellant has assigned four errors.[1] The Court heard oral argument on assignments II and III on 16 December 2003. We reject the other two assigned errors summarily. Assignment I requires no action, and, contrary to assignment IV, we find no plain error in the admission of Prosecution Exhibits 9 and 10, to which Appellant did not object at trial.

**Facts**

During the providence inquiry on Charge I, unauthorized absence, the following colloquy took place:

> MILITARY JUDGE: Was there any legal excuse or justification for your not showing up to work?
>
> THE ACCUSED: No, there wasn't, sir.
>
> MILITARY JUDGE: Was it physically possible for you to get to the ship?
>
> THE ACCUSED: Yes, sir.

R. at 41.

Soon, the providence inquiry reached Charge IV, which involved falsified "Sick in Quarters" chits that Appellant had his wife deliver to his chief three days after the unauthorized absence began. Appellant explained that he had a limited duty chit in connection with treatment for a herniated disk, but "some of the OODs was forcing me to do work that went against my chit," R. at 46, and further, "they put on me on desk work for some things, but some OODs

---

[1] Assigned errors:

I. THE CONVENING AUTHORITY'S ACTION AND THE PROMULGATING ORDER FAILED TO REFLECT THAT AUTOMATIC FORFEITURES WOULD BE DEFERRED AND WAIVED, AS REQUIRED BY THE PRE-TRIAL AGREEMENT

II. THE RECORD OF TRIAL WAS NOT VERBATIM BECAUSE THE MILITARY JUDGE CONDUCTED AN 802 CONFERENCE REGARDING THE AFFIRMATIVE DEFENSE OF INABILITY, RATHER THAN TAKING EVIDENCE ON THE RECORD.

III. THE MILITARY JUDGE ERRED BY CONCLUDING THAT THE DEFENSE OF INABILITY OR DURESS TO UNAUTHORIZED ABSENCE UNDER ARTICLE 86, UCMJ DID NOT EXIST WITHOUT FIRST ADVISING APPELLANT OF THE LEGAL REQUIREMENTS OF THE DEFENSE

IV. THE MILITARY JUDGE ERRED BY ADMITTING PROSECUTION EXIBITS 9 AND 10, WHICH ENCOMPASSED APPELLANT'S PRE-SERVICE CONDUCT, AS WELL AS THE CONDUCT OF OTHERS.

would make us do work like sanding and painting and things that cause more injuries to my back." R. at 47. The military judge asked how often this happened, and Appellant said, "It matters what OOD was there, sir. It varies. Some might still make us pick up things. They were in the process of rebuilding parts of the ship, sir." R. at 48.

At the end of the providence inquiry, the military judge asked defense counsel, "Are you aware of any facts not already discussed that may constitute a legal defense to the Charges and Specifications to which the accused has entered pleas of guilty?" R. at 55. Defense counsel replied, "No, sir." R. at 55. The military judge immediately took a recess. When the court came back on the record, the following discussion occurred:

> MILITARY JUDGE: … During the recess we had a brief 802 discussion of the potential availability of inability as a defense to the Article 86 Charge. The conclusion of counsel, with which I concur, is that the defense does not exist because the status of FA Whiteside's limited duty chit did, in fact, require that he show up for work.
>
> So, he was not otherwise physically unable to show up for work. It was just the nature of the work that was being assigned to him for which he might have had some physical disability, so there is no conflict. There is no defense that arises under inability with regard to the Article 86 offense.
>
> Do counsel concur?
>
> LT. COLBY: The Government concurs, Your Honor.
>
> LT DUBAY: Yes, sir.
>
> MILITARY JUDGE: Very well.

R. at 55-56.

Later, during his unsworn statement before sentencing, Appellant said, "While the ship was in, I was ordered to do work that was hazardous to my back. It really caused me to have more injuries to my back, that's when I altered my chits and I had my wife deliver them to my ship." R. at 81.

3

**The R.C.M. 802 Conference[2]**

Appellant now contends, citing *United States v. Garcia*, 24 M.J. 518 (A.F.C.M.R. 1987), that the R.C.M. 802 conference described above was held for the purpose of perfecting Appellant's pleas, and without a verbatim record of it, "the record is inadequate for this Court to make a thorough judicial review."

In *Garcia*, during the providence inquiry, after questioning the accused about his intoxication at the time of the offense, the military judge took a recess, after which he announced that he had conducted an 802 conference with both counsel "at which time we discussed issues regarding providency of the accused's plea." *Garcia*, 24 M.J. at 520. Two problems were identified in *Garcia*. First, the Air Force Court said, "'Issues regarding providency of the accused's plea' … are not an appropriate subject for an R.C.M. 802 conference." 24 M.J. at 520. Second, without any information about the substance of the conference, the Court was unable to properly review the judge's determination that the plea was provident. *Id.* at 520.

As to the first problem, this Court has rejected the notion that every discussion concerning pleas and their providence is necessarily inappropriate in an R.C.M. 802 conference. *United States v. Leaver*, 32 M.J. 995, 1001 (C.G.C.M.R. 1991), *rev'd on other grounds*, 36 M.J. 133 (C.M.A. 1992). The Air Force Court of Criminal Appeals has also, subsequent to *Garcia*, rejected a *per se* rule. *United States v. Thomas*, 32 M.J. 1024, 1026 (A.F.Ct.Crim.App. 1991). As to the second problem, in the instant case, the military judge summarized the conference on the record. Hence there is no reason to believe his determination of providence was based on something not a matter of record; this Court is unhampered in its review of the determination.[3]

A third problem suggests itself in the case at hand, however. If defense counsel agreed that no defense of "inability" existed, this agreement is no substitute for Appellant's own agreement. *United States v. Timmins*, 21 USCMA 475, 478-479, 45 CMR 249, 252-253 (1972).

---

[2] The "802 conference" is authorized by Rule for Court-Martial (R.C.M.) 802, Manual for Courts-Martial, United States, (2002 ed.) (MCM).

[3] We decline to characterize the problem as a lack of verbatim record. R.C.M. 802(b) provides, "Conferences need not be made part of the record, but matters agreed upon at a conference shall be included in the record orally or in writing." The military judge did so. This accords with *Leaver*, in which we said, "The meetings in this case were noted by the judge on the record and neither party objected to the content of that notation or to the meetings

If a defense was raised, the military judge was required to explain it to Appellant and he would have had to agree that the defense did not apply. 21 USCMA at 478-479, 45 CMR at 252-253; R.C.M. 910(e) Discussion. This brings us to the final assignment.

## The Defense of Inability or Duress

Appellant now argues that the defenses of inability and duress should have been explained to Appellant with respect to unauthorized absence, and that since they were not, the providence inquiry was inadequate and the unauthorized absence charge and specification should be dismissed.

Concerning inability, according to R.C.M. 916(i), "It is a defense to refusal or failure to perform a duty that the accused was, through no fault of the accused, not physically or financially able to perform the duty." This defense was not "raised" in any meaningful legal sense, notwithstanding that the military judge brought it up. *See United States v. Clark*, 28 M.J. 401, 406 (C.M.A. 1989) ("a maladroit comment by counsel cannot create an 'inconsisten[cy]' which otherwise is absent from the record.").

Concerning duress, according to R.C.M. 916(h),

> It is a defense to any offense except killing an innocent person that the accused's participation in the offense was caused by a reasonable apprehension that the accused or another innocent person would be immediately killed or would immediately suffer serious bodily injury if the accused did not commit the act. The apprehension must reasonably continue throughout the commission of the act. If the accused has any reasonable opportunity to avoid committing the act without subjecting the accused or another innocent person to the harm threatened, this defense shall not apply.

Whether this defense was raised is a more serious question.

Before specifically addressing that question, it will be useful to survey the law that pertains. We begin with Article 45(a), UCMJ: "If an accused … after a plea of guilty sets up

---

themselves. [citation omitted]. We deem the verbatim nature of the record to be unaffected by the R.C.M. 802 conferences." *Leaver*, 32 M.J. at 1001.

matter inconsistent with the plea, … a plea of not guilty shall be entered in the record, and the court shall proceed as though he had pleaded not guilty."

R.C.M. 910(e) provides: "The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." The Discussion following R.C.M. 910(e) reads in relevant part (emphasis added):

> A plea of guilty must be in accord with the truth. Before the plea is accepted, the accused must *admit* every element of the offense(s) to which the accused pleaded guilty. … If any potential defense is raised by the accused's account of the offense or by other matter presented to the military judge, the military judge should explain such a defense to the accused and should not accept the plea unless the accused *admits* facts which negate the defense. …
>
> The accused need not describe from personal recollection all the circumstances necessary to establish a factual basis for the plea. Nevertheless the accused must *be convinced of*, and able to describe all the facts necessary to establish guilt. For example, an accused may be unable to recall certain events in an offense, but may still be able to adequately describe the offense based on witness statements or similar sources which the accused *believes* to be true. …

R.C.M. 910(e) Discussion.

That discussion presents well-established principles that can be summarized thus: to plead guilty, the accused must believe and admit every element of the offense. Hence the military judge, following the script, told the accused in the instant case, "As I read these elements, ask yourself whether each element is absolutely true and whether you wish to admit that it's true." R. at 35. Furthermore, the accused must believe and admit that there is no available defense. ("[T]he military judge should explain such a defense to the accused and should not accept the plea unless the accused admits facts which negate the defense." R.C.M. 910(e) Discussion.)

R.C.M. 910(h)(2) reads:

> *Statements by accused inconsistent with plea.* If after findings but before the sentence is announced the accused makes a statement to the court-

> martial, in testimony or otherwise, or presents evidence which is
> inconsistent with a plea of guilty on which a finding is based, the military
> judge shall inquire into the providence of the plea. If, following such
> inquiry, it appears that the accused entered the plea improvidently or
> through lack of understanding of its meaning and effect a plea of not
> guilty shall be entered as to the affected charges and specifications.

The question in our case is whether the accused's statement that he altered his limited duty chits after he was ordered to do work that caused further injury to his back is inconsistent with his plea of guilty to a charge of unauthorized absence.

*United States v. Logan*, 22 USCMA 349, 350, 47 CMR 1, 2 (1973), a case of larceny and conspiracy to commit larceny, is the leading case setting forth the standard to be applied to the phrase "matter inconsistent with the plea" in Article 45. The accused, stationed in Korea, pleaded guilty, and a fully adequate providence inquiry supported his pleas. In his pre-sentencing case, he testified that he had received a series of telephone calls conveying threats against his wife and children, who were living in the United States, if he did not cooperate in the theft of the items charged. He stated that he stole because he needed money and "my family was in danger." *Logan*, 22 USCMA at 350, 47 CMR at 2. Elsewhere in his testimony, he declared that he had participated in the thefts in the hope of unmasking the individual who had made the threatening calls.

On appeal, Logan asserted that his pre-sentencing testimony had raised the defense of duress and that his pleas were improvident, requiring reversal, citing *United States v. Pinkston*, 18 USCMA 261, 262, 39 CMR 261, 262 (1969). The Court announced the standard to be applied in these words: "While we necessarily adhere to the mandate of Article 45, the intent of that article is fully met by requiring some substantial indication of direct conflict between the accused's plea and his following statements." *Logan*, 22 USCMA at 351, 47 CMR at 3. Rejecting the appeal, the Court contrasted the facts with those in *Pinkston*:

> In this case, the accused's statements are less persuasive and offer no
> substantial basis for finding a conflict with his plea. Unlike that of
> Pinkston, this accused's family was located in the United States,
> thousands of miles from the situs of the threats and crimes in Korea.
> Logan did not attribute his motivation for committing the offenses solely

> to his alleged fear for their safety but added that he committed them also to obtain money and to confirm his suspicions as to the identity of his caller. Accepting his assertions as true for this purpose, we are unable to conclude that there is any real foundation in them for a well-grounded apprehension of immediate death or serious bodily harm if he did not participate in the venture. While the possibility of death or such harm may have existed, the statements of the accused did not constitute the substantial conflict that requires a plea to be set aside.

*Logan*, 22 USCMA at 351, 47 CMR at 3.

Applying this standard to our case, the question is, when Appellant at trial created a link between his concern for injury and his absenting himself, was this a suggestion that he feared immediate serious bodily injury if he went to the ship, to the extent of substantial conflict with the guilty plea?

In *United States v. Palus*, 13 M.J. 179 (CMA 1982), appellant, charged with forgery and worthless check offenses,

> asserted that he feared for his family's physical safety; that he felt his hands were tied; and that he "was almost what you say forced to do it." The military judge accepted appellant's pleas, making no inquiry regarding possible defenses. During the pre-sentencing hearing, appellant made an unsworn statement and indicated that he "was deathly afraid that they were going to come after ... [his wife] physically." … Again, the military judge made no inquiry regarding possible defenses.

*Palus*, 13 M.J. at 179-180. The Court set aside the findings of guilty because his responses set up the defense of duress and were thus inconsistent with his pleas of guilty. 13 M.J. at 180. "The military judge should not have accepted appellant's pleas of guilty as the record stood." *Id.* at 180.

It is essential in such cases for the military judge to refrain from assessing the accused's statements as a factfinder, which is not the judge's role during a providence inquiry. In *United States v. Lee*, 16 M.J. 278 (CMA 1983), the Court warned against this kind of mistake:

> The majority opinion in the court below seems to have mistakenly viewed the issue to be whether appellant had raised a defense of impossibility which was plausible or credible. However, in deciding a providence issue,

> the sole question is whether appellant made a statement during the trial which was in conflict with his guilty plea. It is unnecessary that his statement be credible; instead, it only need be inconsistent.

*Lee*, 16 M.J. at 281. In this unauthorized absence case, where the accused talked during pre-sentencing about the transportation problems that kept him from returning to his unit, the Court held that the military judge's failure to inquire further into the circumstances required that the findings of guilty be set aside.

*Logan* and *Palus* are both duress cases from our higher court that are close to the boundary defining when further inquiry is required. While examining the present case in their light, we must bear in mind *Lee*'s warning not to judge the credibility of a possible defense.

In the *Palus* case, the statement raising the duress defense is at least as clear as our case in expressing fear of serious bodily injury, without the contingencies present in our case. The military judge failed to discuss the defense with the accused, and the pleas were found improvident on appeal. On the other side, *Logan* includes other reasons in addition to duress for the commission of the charged offense. These other reasons tended to negate the notion that the accused committed the offense solely because of duress. Despite the military judge's failure to discuss duress, the pleas were upheld. Our case falls between *Palus* and *Logan*.

Appellant stated, "While the ship was in, I was ordered to do work that was hazardous to my back. It really caused me to have more injuries to my back." R. at 81. Although it is difficult to imagine that Appellant had a reasonable apprehension that he would "immediately suffer serious bodily injury" if he went to the ship when liberty expired, *Lee* teaches that our imagination is not the test. The question may be put this way: Did Appellant, in pleading guilty, believe and admit that he had had no such reasonable apprehension despite his concern that he might be ordered to do work that would injure his back? Since the question was not asked of him, we cannot say he did. We hold that the providence inquiry was inadequate.[4]

---

[4] As the Military Judge's Benchbook notes, "The Supreme Court has held that the defense of duress is not available to one who commits a continuing offense unless the offending activity (such as continued absence from custody) is terminated as soon as the circumstances compelling the illegal behavior have ceased to exist. *See United States v. Bailey*, 444 U.S. 394 (1980)." We do not see this wrinkle as affecting the issue of whether the duress defense was required to be discussed with Appellant. If anything, it might have been more fodder for the discussion.

The advice of *United States v. Jemmings*, 1 M.J. 414, 418 (CMA 1976), is well taken: "Where an accused's responses during the providence inquiry suggest a possible defense to the offense charged, the trial judge is well advised to clearly and concisely explain the elements of the defense in addition to securing a factual basis to assure that the defense is not available." We find that the military judge's failure to do this with respect to the possible defense of duress leaves us with unresolved matter in the record inconsistent with a plea of guilty to unauthorized absence. Thus, we are unable to affirm the findings of guilty to that offense.

### Defects in Pleas and Findings

We would be remiss if we left this case without commenting on certain irregularities in the pleas and findings. Appellant was originally charged with desertion in violation of Article 85, UCMJ. The specification included an allegation of termination by apprehension. When defense counsel entered pleas, concerning this charge he said, "To Charge I and the specification thereunder, not guilty. To the lesser included offense of violation of the Uniform Code of Military Justice Article 86, unauthorized absence, guilty." R. at 16. It was only when the military judge began to discuss the elements of the offenses to which Appellant had pleaded guilty that he asked defense counsel whether the plea of guilty included termination by apprehension. Defense counsel answered that it did. R. at 35. When the military judge eventually announced findings, he did so in the following terms: "In accordance with your pleas this Court finds you guilty of violation of Article 86, that is, the lesser included offense under Charge I. In violation of Article 107, that is Charge IV, and in violation of 112(a) [sic] for marijuana use, Specification 2 of additional Charge I." R. at 69.

R.C.M. 910(a)(1) provides in pertinent part: "An accused may plead as follows: guilty; *not guilty to an offense as charged, but guilty of a named lesser included offense*; guilty with exceptions, with or without substitutions, not guilty of the exceptions, but guilty of the substitutions, if any; or, not guilty. [emphasis added]" The Discussion immediately following advises in pertinent part: "When the plea is to a named lesser included offense without the use of exceptions and substitutions, the defense counsel should provide a written revised specification accurately reflecting the plea and request that the revised specification be included in the record as an appellate exhibit." R.C.M. 910(a)(1) Discussion.

R.C.M. 918 provides in pertinent part:

> (a) *General findings.*  The general findings of a court-martial state whether the accused is guilty of each offense charged.  …
>
> (1) *As to a specification.*  General findings as to a specification may be: guilty; not guilty of an offense as charged, but guilty of a named lesser included offense; guilty with exceptions, with or without substitutions, not guilty of the exceptions, but guilty of the substitutions, if any; not guilty only by reason of lack of mental responsibility; or, not guilty.  …
>
> (2) *As to a charge.*  General findings as to a charge may be: guilty; not guilty, but guilty of a violation of Article_____; not guilty only by reason of lack of mental responsibility; or not guilty.

R.C.M. 918(a)(1)-(2).

The Manual provides in pertinent part:

> *Findings of guilty to a lesser included offense.*  A court-martial may find an accused not guilty of the offense charged, but guilty of a lesser included offense by the process of exception and substitution.  The court-martial may except (that is, delete) the words in the specification that pertain to the offense charged and, if necessary, substitute language appropriate to the lesser included offense.  …

MCM, Pt. IV, ¶ 3.b(3).

These provisions surely contemplate that the specific terms to which an accused is pleading guilty, and certainly the specific terms of which an accused is found guilty, are to be clearly set forth in the record.  The pleas are important, as they drive later events.  It is even more important that the bottom line, findings, are announced properly and completely.  *See* R.C.M. 922 and the Discussions thereto.  Further, findings on both charges and specifications are to be announced.  R.C.M. 918.  Both military judge and counsel bear responsibility for ensuring that pleas and findings are properly entered.  The record in this case falls short in this respect.

However, as long as the intent of the court can be discerned from the record, there is no reason not to affirm the result. *United States v. Williams*, 21 MJ 330 (CMA 1986); *United States v. Greening*, 54 MJ 831 (C.G.Ct.Crim.App. 2001). Here, even though one must look at several pages of the record and draw certain inferences, taken as a whole the record is clear and unambiguous as to both pleas and findings. We nevertheless urge counsel and trial judges to use the forms provided in MCM Appendix 10 when stating pleas and findings.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ and, as indicated, have determined that the pleas of guilty to a violation of Article 86, UCMJ, the lesser included offense of Charge I and its specification, were improperly accepted. The findings of guilty under that charge and specification are set aside. The remaining findings of guilty as approved by the Convening Authority are affirmed. The sentence is set aside and the case is remanded to the Convening Authority, who may order a rehearing on the unauthorized absence offense and the sentence or on the sentence alone. If a rehearing is deemed impracticable, a supplemental action to that effect shall be issued noting the action of this Court affirming findings and the Convening Authority's approval of no sentence.

Chief Judge BAUM and Judge PALMER concur.

For the Court,



Roy Shannon Jr.
Clerk of the Court