CORRECTED
UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
Washington, D.C.

UNITED STATES

v.

Nicholas A. GUBITOSI
Fireman (E-3), U.S. Coast Guard

CGCMS 24424

Docket No.  1329

27 April 2011

Special Court-Martial convened by Commanding Officer, USCGC HAMILTON (WHEC 715). Tried at San Diego, California, on 16 June 2009.

| | |
|---|---|
| Military Judge: | CDR Sean P. Gill, USCG |
| Trial Counsel: | LT Jowcol I. Viña, USCGR |
| Defense Counsel: | LTJG Rebecca Oldfield-Frey, JAGC, USNR |
| Appellate Defense Counsel: | LT Kelley L. Tiffany, USCGR |
| Appellate Government Counsel: | LT Herbert C. Pell, USCGR |

BEFORE
McCLELLAND, LODGE & McTAGUE
Appellate Military Judges

LODGE, Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice (UCMJ); one specification of drunken operation of a vehicle, in violation of Article 111, UCMJ; and one specification of underage drinking, one specification of using a false military identification card, and one specification of fleeing the scene of an accident, all in violation of Article 134, UCMJ.  The military judge sentenced Appellant to confinement for five months, reduction to E-1, and a bad-conduct discharge.  Pursuant to the pretrial agreement, the

Convening Authority approved the sentence, but suspended confinement in excess of sixty days for six months.

Before this court, Appellant has assigned as error that Appellant's plea to fleeing the scene of an accident was improvident as the military judge failed to elicit a sufficient factual basis regarding whether Appellant knew his act was wrongful in support of his plea.

### Facts concerning fleeing the scene of the accident

On the evening of 16 Oct 2008 and the early morning of 17 Oct 2008 Appellant was driving a black 2002 Ford Mustang GT that he had borrowed from a shipmate assigned to the Coast Guard Cutter HAMILTON. Following the consumption of numerous alcoholic beverages and becoming intoxicated, Appellant drove the borrowed vehicle onto the city streets in San Diego at an excessive rate of speed, ultimately losing control of the vehicle and crashing into a parked second vehicle, causing the second vehicle to strike a third parked vehicle, resulting in significant damage to the third vehicle. Appellant, concerned that he would be jailed for driving under the influence of alcohol, fled the scene of the accident without notifying either law enforcement or the owners of the second and third vehicles.

### Providence of fleeing the scene of the accident plea

Appellant argues that his plea to the specification of fleeing the scene of the accident was improvident as the military judge failed to elicit Appellant's admission of wrongfulness as required by Article 134, UCMJ.[1]

The legal standard for determining if a guilty plea is provident is whether the record presents a substantial basis in law or fact for questioning it. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). The record must contain a sufficient factual basis to support the plea. Rule for Courts-Martial 910(e), Manual for Courts-Martial, United States (2008 ed.). A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "A military judge abuses this discretion if he fails to

---

[1] Although Appellant begins by asserting that the providence inquiry failed to establish a factual basis for wrongfulness, his argument is to the effect that Appellant did not admit wrongfulness of his conduct during the providence inquiry.

obtain from the accused an adequate factual basis to support the plea – an area in which we afford significant deference." *Inabinette*, 66 M.J. at 322. "The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts." *United States v. Medina,* 66 M.J. 21, 26 (C.A.A.F.2008) (citing *United States v. Care,* 18 USCMA 535, 538-39, 40 C.M.R. 247, 250-51 (1969)). The accused must believe and admit every element of the offense. *United States v. Whiteside*, 59 M.J. 903, 906 (C.G.Ct.Crim.App. 2004) (citing R.C.M. 910(e) Discussion).

In addition to a lengthy providence inquiry in which the military judge elicited statements from Appellant to clarify that there was an automobile accident resulting in property damage and that, knowing that fact, he fled the scene without identifying himself, the military judge admitted a Stipulation of Fact, signed by Appellant, which included the following facts:

32. On the late evening of 16 Oct 2008 or early morning of 17 Oct 2008 FN Gubitosi was the driver of a black 2002 Ford Mustang GT that he had borrowed from FN [MD]. FN [KN], a fellow member of the CGC HAMILTON crew, was riding with FN Gubitosi in the passenger seat of the Mustang.

33. Due to being intoxicated and driving at an excessive rate of speed, FN Gubitosi lost control of this vehicle and crashed it into the front end of a Chevy Astro Van on Tony Gwynn Drive in downtown San Diego.

34. FN Gubitosi was conscious during the accident and was aware that he had crashed into another vehicle.

35. After crashing into the Chevy Astro Van FN Gubitosi drove the Mustang away from the scene of the accident without leaving any form of identification at the scene.

36. At the time of the accident FN Gubitosi did not notify law enforcement that he was the one involved in the collision.

37. FN Gubitosi had no legal justification for failing to provide identification or notify law enforcement after the accident, and was aware that failing to provide his identification or notify law enforcement of what had occurred at the time of the accident was **wrong and illegal** (emphasis added.)

38. After being impacted by the vehicle driven by FN Gubitosi, the Chevy Astro Van impacted a BMW Sedan causing damage to the BMW as well. Both of these vehicles belong to civilians.

39. The San Diego Police Department did an investigation into this incident and later learned that FN Gubitosi is a member of the U.S. Coast Guard.

40. FN Gubitosi agrees that under the circumstances, his conduct described in paragraphs 32 through 39 was prejudicial to good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces.

Stipulation of Fact, Prosecution Ex. 1.

While it would benefit both the accused and reviewing courts to have the military judge ensure the accused understands the definition of wrongful in the context of Article 134, we are not restricted to reading the transcript, but instead look to the entire record to determine Appellant's understanding at trial as deduced from the record as a whole. *Inabinette*, 66 M.J. at 322. Although there is no express admission by Appellant during the providence inquiry regarding the wrongfulness of his conduct, paragraph 37 of the Stipulation of Fact clearly states that Appellant recognizes that his conduct was both wrong and illegal. (Prosecution Ex. 1.) We note that, indeed, Appellant's actions in fleeing the scene of the accident were illegal.[2] We find that there is no substantial basis to question the guilty plea, and the military judge did not abuse his discretion in accepting Appellant's guilty plea for fleeing the scene of an accident.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Chief Judge McCLELLAND and Judge McTAGUE concur.



For the Court,

L. I. McCLELLAND
Chief Judge

---

[2] *See* California Vehicle Code § 20002, Permissible Action: Duty Where Property Damaged, which makes fleeing the scene of an accident resulting only in property damage without identifying oneself a misdemeanor.