# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Charles R. PRATHER
### Damage Controlman Third Class (E-4), U.S. Coast Guard

## CGCMS 24456

## Docket No. 1347

## 10 May 2012

Special Court-Martial convened by Commander, Coast Guard Sector San Juan. Tried at Miami, Florida, on 1 December 2010.

| | |
|---|---|
| Military Judge: | LCDR Casey Chmielewski, USCG |
| Trial Counsel: | LT Jessica R. Styron, USCG |
| Assistant Trial Counsel: | LT Anna E. Steel, USCGR |
| Defense Counsel: | LT Derek D. Butler, JAGC, USN |
| Assistant Defense Counsel: | LT Lea E. Tietje, JAGC, USN |
| Appellate Defense Counsel: | LCDR Paul R. Casey, USCG |
| Appellate Government Counsel: | LCDR Marcus A. Mitchell, USCG |

## BEFORE
## McCLELLAND, HAVRANEK & DUIGNAN
### Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial, military judge alone. Pursuant to his plea of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of wrongful sexual contact, in violation of Article 120(m), Uniform Code of Military Justice (UCMJ). The military judge sentenced Appellant to a bad-conduct discharge, confinement for eight months, reduction to E-1, and forfeiture of $964 per month for eight months. The Convening Authority approved the sentence as adjudged, and suspended confinement in excess of ninety days in accordance with the pretrial agreement.

Before this Court, Appellant has assigned as error that the facts elicited during the providence inquiry provided an insufficient basis for the military judge to accept Appellant's guilty plea. We find no error and affirm.[1]

Appellant asserts that the providence inquiry failed to elicit facts establishing Appellant's intent, which is an essential feature of the crime of wrongful sexual contact, and the victim's nonconsent.

The legal standard for determining whether a guilty plea is provident is whether the record presents a substantial basis in law or fact for questioning it. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). The record must contain a sufficient factual basis to support the plea. Manual for Courts-Martial (MCM), United States (2008 ed.), Rule for Courts-Martial (R.C.M.) 910(e). The accused must believe and admit every element of the offense. *United States v. Whiteside*, 59 M.J. 903, 906 (C.G.Ct.Crim.App. 2004) (citing R.C.M. 910(e) Discussion); *see United States v. O'Connor*, 58 M.J. 450, 453 (C.A.A.F. 2003) (citing R.C.M. 910(e) Discussion). A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea. *Inabinette*, 66 M.J. at 322.

Concerning Appellant's intent, the military judge informed Appellant of the elements of the offense, including that he engaged in sexual contact with the victim, and provided Appellant with the definition of sexual contact, including "intent to abuse, humiliate, or degrade any person or to arouse or gratify the sexual desires of any person." (R. at 39.) Appellant acknowledged that he understood the elements and definitions, and admitted that the elements and definitions accurately described what occurred. (R. at 40-41.) Appellant's description of events that occurred between himself and the victim, including his explanation that he was "satisfy[ing] my selfishness" (R. at 41-42; see also R. at 45), made clear that he understood, believed and admitted all of the elements of the offense, notwithstanding that he did not use such terms as "arouse or gratify sexual desires." Appellant's description of events provided a sufficient factual basis to support the plea.

---

[1] The Government's motion for oral argument is denied.

Appellant's claim that the military judge failed to elicit the victim's nonconsent overlooks his statement, "And then that's when I shifted my weight on top of her, put my hands down in her pants and underwear and touched her genitalia.  And I did not have consent."  (R. at 41.)

We see no substantial basis in law or fact for questioning Appellant's guilty plea.

We note that the pretrial agreement provides for suspension of confinement in excess of ninety days for a period of six months, but the Convening Authority's action suspends such confinement for a period of a year.  That period began on the date of the action, 16 March 2011.  Suspension for a year violates the terms of the pretrial agreement.  It is unlikely that there has been an attempt to vacate the suspension, but to correct the violation we will disapprove confinement in excess of ninety days.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty are affirmed.  Only so much of the sentence to confinement as does not exceed ninety days is approved.  The remainder of the sentence, consisting of a bad-conduct discharge, reduction to E-1, and forfeiture of $964 per month for eight months, is approved.



For the Court,

L. I. McClelland
Chief Judge