UNITED STATES, Appellee

v.

Brandon I. MILLER, Private
U.S. Army, Appellant

No. 08-0580

Crim. App. No. 20060224

United States Court of Appeals for the Armed Forces

Argued February 25, 2009

Decided June 10, 2009

RYAN, J., delivered the opinion of the Court, in which EFFRON,
C.J., and BAKER, ERDMANN, and STUCKY, JJ., joined.


Counsel


For Appellant:  Captain Melissa E. Goforth Koenig (argued);
Lieutenant Colonel Mark Tellitocci and Major Bradley M. Voorhees
(on brief); Colonel Christopher J. O'Brien, Lieutenant Colonel
Steven C. Henricks, and Major Teresa L. Raymond.

For Appellee:  Captain Patrick G. Broderick (argued); Colonel
Denise R. Lind, Lieutenant Colonel Mark H. Sydenham, and Captain
Philip M. Staten (on brief); Major Michael C. Friess.

Military Judge:  Patrick J. Parrish


**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge RYAN delivered the opinion of the Court:

This case presents the question whether the Courts of Criminal Appeals, after finding the evidence factually insufficient to support a finding of guilty to a charged violation of an enumerated article of the Uniform Code of Military Justice (UCMJ), may affirm a conviction to a "simple disorder," under Article 134, UCMJ, 10 U.S.C. § 934 (2000), as an offense necessarily included in the enumerated articles.[1] See Article 79, UCMJ, 10 U.S.C. § 879 (2000) ("An accused may be found guilty of an offense necessarily included in the offense charged."); Article 59(b), UCMJ, 10 U.S.C. § 859(b) (2000) ("Any reviewing authority . . . may approve or affirm . . . so much of the finding as includes a lesser included offense."). We hold that Article 134, UCMJ, is not an "offense necessarily included" under Article 79, UCMJ, of the enumerated articles and may not be affirmed under Article 59, UCMJ.

## I.  Factual Background

The charge at issue in this appeal stems from conduct that

---

[1] On Appellant's petition, we granted review of the following issue:

> WHETHER AFTER FINDING THE EVIDENCE FACTUALLY INSUFFICIENT TO SUPPORT A FINDING OF GUILTY TO CHARGE III AND ITS SPECIFICATION (RESISTING APPREHENSION), THE COURT OF CRIMINAL APPEALS COULD AFFIRM A FINDING OF GUILTY TO A LESSER INCLUDED OFFENSE ON A THEORY NOT PRESENTED TO THE TRIER OF FACT.

occurred at Camp Red Cloud, South Korea, on March 11, 2005. Early that morning, MPs were called to take custody of Appellant from the Korean National Police (KNP), who had apprehended Appellant for an alleged assault. The MPs arrived at the KNP guard box at the gate of Camp Red Cloud and proceeded to take Appellant into military custody. As the MPs went to place hand irons on Appellant, he ran to the door of the room, but was unable to leave because it was locked. Appellant struggled with the MPs and members of the KNP -- hitting one KNP investigator -- and was eventually subdued.

At Appellant's subsequent court-martial, the panel convicted him, contrary to his pleas, inter alia, of resisting apprehension in violation of Article 95, UCMJ, 10 U.S.C. § 895 (2000).[2] On appeal, the United States Army Court of Criminal Appeals (CCA) found the evidence factually insufficient to prove the resisting apprehension charge, as Appellant was already in custody when the MPs came to the KNP guard box. United States v. Miller, No. ARMY 20060224, slip op. at 4 (A. Ct. Crim. App. Mar. 24, 2008). The CCA stated:

> The panel convicted appellant of resisting
> apprehension by Private First Class (PFC) ES, a
> military police officer (MP) at the Korean National

---

[2] Appellant does not challenge his convictions of unrelated charges of going absent without leave, assaulting a noncommissioned officer, and using provoking words in violation of Articles 86, 91, and 117, UCMJ, 10 U.S.C. §§ 886, 891, 917 (2000), respectively.

> Police (KNP) "box" outside the gate of Camp Red Cloud (CRC), Republic of Korea on 11 March 2005.  Private First Class ES, his partner, and Mr. H, a Korean National Investigator, responded to a radio call to take custody of appellant at the CRC gate.  Upon their arrival, appellant was in hand irons in the custody of the KNPs.  Once the hand irons were removed, PFC ES testified that appellant "sprinted to the door[.]"  While the MPs continued their efforts to put the accused in hand irons, he kept "trying to fight us" and was "swinging his arms around . . . kept turning, making it hard for [the MPs] to grab his arms" at which time appellant hit Mr. H.  The KNPs again put appellant in custody until he was taken to the KNP station later that night.
>
> Based on these facts and the definitions described above, at the time of the offense, the KNPs had placed appellant in custody and were transferring custody of appellant to the MPs.  Consequently, the evidence is factually insufficient and we cannot affirm appellant's conviction to resisting apprehension.  See United States v. Chavez, 6 M.J. 615 (A.C.M.R. 1978) (holding that because the guards already apprehended the accused and had him in custody, a conviction for resisting apprehension fails for factual insufficiency[]).

Id. at 4 (first set of brackets and ellipsis in original).

The CCA, however, proceeded to find Appellant guilty of a simple disorder under Article 134, UCMJ, as a lesser included offense, asserting that this Court has:

> long recognized that an appellate court may disapprove a finding because proof of an essential element is lacking or, as a result of instructional errors . . . may substitute a lesser-included offense for the disapproved findings.  This is true even if the lesser-included offense was neither considered nor instructed upon at the trial of the case.
>
> United States v. McKinley, 27 M.J. 78, 79 (C.M.A. 1988) (emphasis added). . . .

The evidence presented at trial firmly established that appellant's conduct was prejudicial to good order and discipline or service discrediting and constituted a simple disorder under Article 134, UCMJ.  See United States v. Fuller, 54 M.J. 107, 112 (C.A.A.F. 2000) (holding evidence in a contested trial failed to support maltreatment offense, but was sufficient support for reviewing court to affirm a violation of Article 134, UCMJ); United States v. Augustine, 53 M.J. 95 (C.A.A.F. 2000) (holding admissions during providence inquiry sufficient for reviewing court to affirm a violation of Article 134, UCMJ); United States v. Sapp, 53 M.J. 90 (C.A.A.F. 2000) (affirming a violation of the general article, simple disorder, when insufficient evidence existed to support the greater offense of violation of 28 U.S.C. § 2252 (a)(4)(A)).  "Conduct is punishable under Article 134 if it is prejudicial to good order and discipline in the armed forces or is of a nature to bring discredit upon the armed forces."  Fuller, 54 M.J. at 112.  Appellant's conduct was both, when in the presence of the KNPs appellant hit Mr. H and struggled with the MPs at the CRC gate.  Furthermore, "appellant was clearly on notice of this lesser-included offense because every enumerated offense under the UCMJ is per se prejudicial to good order and discipline or service-discrediting."  Id. (citing United States v. Foster, 40 M.J. 140, 143 (C.M.A. 1994)).  As such, we affirm the lesser-included offense of simple disorder.

Id. at 4-5 (emphasis in original).

## II.  Discussion

The threshold question is whether a simple disorder under Article 134, UCMJ,[3] was a lesser included offense of the

---

[3] Elements of Article 134, clauses 1 and 2, are:  (1) the accused did or failed to do certain acts; and (2) under the circumstances, the accused's conduct was to the prejudice of good order and discipline or was of a nature to bring discredit upon the armed forces.  Manual for Courts-Martial, United States pt. IV, para. 60.b (2002 ed.) (MCM).

United States v. Miller, 08-0580/AR

violation of Article 95, UCMJ,[4] in this case.  Whether an offense

is a lesser included offense is a question of law we review de

novo.  United States v. Hudson, 59 M.J. 357, 359 (C.A.A.F.

2004); United States v. Palagar, 56 M.J. 294, 296 (C.A.A.F.

2002).

     The Constitution requires that an accused be on notice as

to the offense that must be defended against, and that only

lesser included offenses that meet these notice requirements may

be affirmed by an appellate court.  Jackson v. Virginia, 443

U.S. 307, 314 (1979) ("It is axiomatic that a conviction upon a

charge not made or upon a charge not tried constitutes a denial

of due process."); In re Winship, 397 U.S. 358, 364 (1970)

("[T]he Due Process Clause protects the accused against

conviction except upon proof beyond a reasonable doubt of every

fact necessary to constitute the crime with which he is

charged."); Cole v. Arkansas, 333 U.S. 196, 201 (1948) ("No

principle of procedural due process is more clearly established

than . . . notice of the specific charge, and a chance to be

heard in a trial of the issues raised by that charge . . . .")

(emphasis added).  "[A]ppellate courts are not free to revise

the basis on which a defendant is convicted simply because the

---

[4] Elements of resisting apprehension under Article 95, UCMJ, are: (1) a certain person attempted to apprehend the accused; (2) the said person was authorized to apprehend the accused; and (3) the

6

same result would likely obtain on retrial." Dunn v. United States, 442 U.S. 100, 107 (1979); see also Chiarella v. United States, 445 U.S. 222, 236-37 (1980) (stating that the Court would not affirm a conviction based on a theory not presented to the jury). "To uphold a conviction on a charge that was neither alleged in an indictment nor presented to a jury at trial offends the most basic notions of due process." Dunn, 442 U.S. at 106.

Article 79, UCMJ, which provides that an accused "may be found guilty of an offense necessarily included in the offense charged," is consonant with these constitutional principles, and applies at both the trial and appellate levels. See Article 59, UCMJ (allowing an appellate court to affirm a conviction to a lesser included offense). In the explanation of Article 79, UCMJ, the President advises that "[a] lesser offense is included in a charged offense when the specification contains allegations which either expressly or by fair implication put the accused on notice to be prepared to defend against it in addition to the offense specifically charged." MCM pt. IV, para. 3.b(1).[5]

The notice requirement is met when "the elements of the

---

accused actively resisted the apprehension. MCM pt. IV, para. 19.b(1).

[5] "Although MCM explanations of offenses are not binding on this Court, they are generally treated as persuasive authority, to be evaluated in light of this Court's precedent." United States v. Miller, 67 M.J. 87, 89 (C.A.A.F. 2008) (citations omitted).

lesser offense are a subset of the elements of the charged offense." Schmuck v. United States, 489 U.S. 705, 716 (1989); see United States v. Weymouth, 43 M.J. 329, 331-34 (C.A.A.F. 1995) (analyzing lesser included offenses in the military under the Schmuck test). An accused is "by definition on notice" of a lesser included offense "because it is a subset of the greater offense alleged." United States v. Medina, 66 M.J. 21, 27 (C.A.A.F. 2008).

Appellant argues that, in this case, simple disorder is not an offense necessarily included in resisting apprehension under the Schmuck test, because Article 134, UCMJ, has an element not present in Article 95, UCMJ. We agree that Article 134, UCMJ, clauses 1 and 2 include the element that, in addition to doing or failing to do a certain act, "under the circumstances, the accused's conduct was to the prejudice of good order and discipline or was of a nature to bring discredit upon the armed forces" -- an element not contained in the textual exposition of Article 95, UCMJ.

To be sure, language in United States v. Foster and its progeny suggests that a charged violation of an enumerated article, without more, provides sufficient notice of the element of prejudice to good order and discipline or service discrediting conduct. See Foster, 40 M.J. 140, 143 (C.M.A. 1994) (stating that an accused is on notice of an Article 134,

8

UCMJ, lesser included offense because every enumerated offense under the UCMJ is "per se" prejudicial to good order and discipline or service discrediting); see also United States v. Fuller, 54 M.J. 107, 112 (C.A.A.F. 2000) ("[E]very enumerated offense under the UCMJ is per se prejudicial to good order and discipline or service-discrediting."); United States v. Sapp, 53 M.J. 90, 92 n.2 (C.A.A.F. 2000) ("[T]he elements of prejudice to good order and discipline and discredit to the armed forces are implicit in every enumerated offense."); United States v. Britton, 47 M.J. 195, 198 (C.A.A.F. 1997) ("[A]n offense under Article 134 can be a lesser-included offense of an offense under an enumerated Article, notwithstanding the requirement under Article 134 to prove that the conduct was prejudicial or service-discrediting.").

But as our opinion last term in Medina made clear, the principle of fair notice mandates that "an accused has a right to know to what offense and under what legal theory" he will be convicted and that a lesser included offense meets this notice requirement if "it is a subset of the greater offense alleged." 66 M.J. at 26-27. This precedent is consistent with the Constitution and Supreme Court precedent regarding due process. Id. at 24 (citing Schmuck, 489 U.S. at 716); see also United States v. Wilcox, 66 M.J. 442, 448 (C.A.A.F. 2008) (noting that "[t]o satisfy the due process requirements of the Fifth

9

Amendment, the Government must prove beyond a reasonable doubt every element of the charged offense" (citing In re Winship, 397 U.S. at 364)). In contrast, the above cited language from Foster and its progeny is at odds with these principles. To the extent those cases support the proposition that clauses 1 and 2 of Article 134, UCMJ, are per se included in every enumerated offense, they are overruled.

Article 134, UCMJ, is not an offense necessarily included in Article 95, UCMJ.[6] Consequently, the CCA was not authorized to affirm a finding of guilt to a simple disorder under Article 134, UCMJ. See United States v. Riley, 50 M.J. 410, 415 (C.A.A.F. 1999) ("An appellate court may not affirm an included offense on 'a theory not presented to the' trier of fact." (quoting Chiarella, 445 U.S. at 236)).

The decision of the United States Army Court of Criminal Appeals is reversed. The finding of guilty of Charge III and

---

[6] Our opinion in Medina also noted that when comparing the elements of two offenses reveals that one offense is not necessarily a lesser included offense of the other, the requirement of notice to an accused may be met if the charge sheet "make[s] the accused aware of any alternative theory of guilt." Medina, 66 M.J. at 27; see also MCM pt. IV, para. 3.b.(1) ("The notice requirement may also be met, depending on the allegations in the specification, even though an included offense requires proof of an element not required in the offense charged."). In this case, the charged offense as presented to the members did not reference the elements of prejudice to good order or service discrediting conduct such that the specification would have put Appellant on notice of Article 134, UCMJ, as a lesser included offense.

its specification are set aside and Charge III is dismissed. The sentence is set aside and the case remanded to the United States Army Court of Criminal Appeals for sentence reassessment or to order a rehearing on sentence.