UNITED STATES, Appellee

v.

Chad M. MCCRACKEN, Sergeant
U.S. Marine Corps, Appellant

No. 08-0440

Crim. App. No. 200600484

United States Court of Appeals for the Armed Forces

Argued December 2, 2008

Decided July 10, 2009

ERDMANN, J., delivered the opinion of the court, in which
EFFRON, C.J., and RYAN, J., joined.  BAKER, J., filed a
separate opinion concurring in the result.  STUCKY, J.,
filed a separate opinion concurring in part and dissenting
in part.

Counsel


For Appellant:  Lieutenant Gregory W. Manz, USN (argued).

For Appellee:  Colonel Louis J. Puleo, USN (argued);
Captain Geoffrey S. Shows, USMC (on brief).

Military Judge:  Paul J. Ware


**This opinion is subject to revision before final publication**.

United States v. McCracken, No. 08-0440/MC

        Judge ERDMANN delivered the opinion of the court.

        Upon consideration of the granted issues[1] and the

briefs and arguments of the parties, we conclude as a

matter of law that under the circumstances of this case,

open and notorious indecent acts under Article 134, Uniform

Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000),

was neither expressly nor inherently a lesser included

offense of the charged offense of rape under Article 120,

UCMJ, 10 U.S.C. § 920 (2000).

        In this case the parties agreed that indecent acts was

a lesser included offense of rape and the military judge

subsequently instructed the members that "[i]n order to

find the accused guilty of this lesser offense, you must be

convinced . . . [t]hat on or about 28 April 2004 . . . the

accused committed a certain wrongful act with Corporal [KM]

---

[1] We granted review of the following issues:

                            I.

    WHETHER THE LOWER COURT ERRED BY AFFIRMING A
    LESSER-INCLUDED OFFENSE BASED ON A THEORY OF
    CRIMINALITY NOT PRESENTED BY THE GOVERNMENT
    AT TRIAL.

                           II.

    WHETHER THE LOWER COURT ERRED IN REASSESSING
    APPELLANT'S SENTENCE INSTEAD OF REMANDING
    THE CASE FOR A SENTENCE REHEARING.

67 M.J. 36 (C.A.A.F. 2008).

United States v. McCracken, No. 08-0440/MC

. . . by fondling her breasts and vagina . . . ." However, the Navy-Marine Corps Court of Criminal Appeals affirmed on the ground that McCracken's conduct was open and notorious, which was not the factual basis upon which members were instructed. United States v. McCracken, No. NMCCA 200600484, 2008 CCA LEXIS 39, at *19, 2008 WL 274920, at *7 (N-M. Ct. Crim. App. Jan. 29, 2008) (unpublished). We have stated that "[a]n appellate court may not affirm an included offense on 'a theory not presented to the' trier of fact." United States v. Riley, 50 M.J. 410, 415 (C.A.A.F. 1999) (quoting United States v. Chiarella, 445 U.S. 222, 236 (1980)). Further, in our recent opinion in United States v. Miller, 67 M.J. 385, 389 (C.A.A.F. 2009), we held that a Court of Criminal Appeals may not affirm an Article 134, UCMJ, offense based solely on the charging of an enumerated offense at trial.[2]

---

[2] Miller addressed the narrow issue as to whether the holding in United States v. Foster, 40 M.J. 140, 143 (C.M.A. 1994), "that an accused is on notice of an Article 134, UCMJ, lesser included offense because every enumerated offense under the UCMJ is per se prejudicial to good order and discipline or service discrediting" had continuing validity and found it did not. Miller, 67 M.J. at 388-89. Miller did not address other potential issues related to Article 134, UCMJ, lesser included offense, such as whether a lesser included offense that includes elements not included in the greater offense may be affirmed in other circumstances, i.e., where the lesser included offense is listed in the Manual for Courts-Martial, United States or where the lesser included offense is not objected to at

United States v. McCracken, No. 08-0440/MC

As our disposition of the first granted issue dramatically changes the penalty landscape in this case, it requires that we authorize a sentence rehearing on the remaining offense and we need not address the second granted issue.  See Riley, 58 M.J. at 312; United States v. Sales, 22 M.J. 305, 307-08 (C.M.A. 1986).  Accordingly, it is, by the Court, this tenth day of July, 2009,

ORDERED:

That the decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed as to the finding of guilty of indecent acts and the sentence.  The remaining findings are affirmed.  The findings of guilty of Charge II and its specification are set aside and Charge II and its specification are dismissed.  The sentence is set aside.  A rehearing on sentence is authorized.

---

trial and is instructed upon by the military judge. Those issues are reserved for another day.

4

BAKER, Judge (concurring in the result):

I concur in the result.  However, I would decide this case based on the instructions given to the members by the military judge, rather than by breaking what is arguably new and unexplained ground in the law involving lesser included offenses.

In this case, the parties agreed that indecent acts was a lesser included offense of rape.  The military judge then instructed the members that "[i]n order to find the accused guilty of this lesser offense [indecent acts with another], you must be convinced . . . [t]hat on or about 28 April . . . , the accused committed a certain wrongful act with Corporal [KM] . . . by fondling her breasts and vagina . . . ."  However, the United States Navy-Marine Corps Court of Criminal Appeals affirmed this lesser offense on the ground that Appellant's conduct was open and notorious.  Therefore, even assuming without deciding that indecent acts is a lesser included offense of rape in this case, we cannot know whether the members would have found the act in question indecent because it was "open and notorious" based on all the facts and circumstances had they not found Appellant guilty of indecent assault.[1]  I therefore believe

---

[1] Had the members rejected the greater offenses of rape and indecent assault, they would necessarily have been left with private consensual sexual contact between unmarried persons in the absence of the evidence offered by the defense.  Such

the nature of the definition of indecent acts provided in the instruction in this case precluded the lower court from affirming the lesser included offense.

In United States v. Miller, 67 M.J. 385 (C.A.A.F. 2009), we considered and restated the current state of the law with respect to lesser included offenses before concluding that "Article 134, UCMJ, is not an offense necessarily included in Article 95, UCMJ." Id. at 389 (overruling United States v. Foster, 40 M.J. 140 (C.M.A. 1994), and its progeny to the extent those cases "support the proposition that clauses 1 and 2 of Article 134, [Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2002)], are per se included in every enumerated offense"). However, the granted issue in McCracken raises a number of issues involving lesser included offenses in the military justice system that are arguably left unresolved after Miller, including:

---

private consensual conduct has never been punishable in the military as an indecent act. United States v. Stocks, 35 M.J. 366, 367 (C.M.A. 1992) (sexual foreplay in private setting is not criminally "indecent"); United States v. Hickson, 22 M.J. 146, 150 (C.M.A. 1986) ("private sexual intercourse between unmarried persons is not punishable"), overruled on other grounds by United States v. Hill, 48 M.J. 352 (C.A.A.F. 1997) (summary disposition); United States v. Snyder, 1 C.M.A. 423, 427, 4 C.M.R. 15, 19 (1952) (fornication in the absence of aggravating circumstances is not an offense under military law because "Congress has not intended by Article 134 . . . to regulate the wholly private moral conduct of an individual").

2

(1)   Whether or not the offenses expressly listed by the
      President as violations of Article 134, UCMJ, such as
      indecent acts, that are identified in the Manual for
      Courts-Martial, United States as a lesser included offense
      to a particular enumerated offense can satisfy the
      requirements of Article 79, UCMJ, 10 U.S.C. § 879 (2000)
      (as a "necessarily included" lesser offense);

(2)   Whether the elements test articulated in Schmuck v. United
      States, 489 U.S. 705, 716 (1989), precludes the President
      from delineating certain Article 134, UCMJ, offenses as
      lesser included offenses of enumerated offenses absent a
      statutory change to the enumerated offense;

(3)   Whether the due process principles advanced in Schmuck can,
      as a matter of law, be satisfied through mechanisms of fair
      notice other than the elements test; and

(4)   What appellate effect, if any, does an agreement by the
      parties at trial that an offense is a lesser included
      offense have on the greater offense being considered on
      appeal.

It may well be that the majority opinion currently resolves each of these outstanding issues through implication. But, in my view, these issues warrant more than a summary disposition. Moreover, in fairness to the parties, and given the importance of the lesser included offense structure to the administration

3

of military justice, these issues should not be resolved by implication, but should receive briefing, argument, and appropriate analytic consideration.

United States v. McCracken, No. 08-0440/MC

STUCKY, Judge (concurring in part and dissenting in part):

I respectfully disagree with the implication contained in the majority opinion that the lower court could have affirmed a conviction for indecent acts with another if it were "inherently a lesser included offense of the charged offense of rape." United States v. McCracken, __ M.J. __, (2) (C.A.A.F. 2009). More than fifteen years ago, this Court abandoned the "inherent relationship" and "fairly embraced" tests for lesser included offenses in favor of the statutory elements test. See United States v. Teters, 37 M.J. 370, 376 (C.M.A. 1993) (citing Schmuck v. United States, 489 U.S. 705, 716 (1989)).

One offense is not a lesser included offense of another "unless the elements of the lesser offense are a subset of the elements of the charged offense." Schmuck, 489 U.S. at 716. "Since offenses are statutorily defined, that comparison is appropriately conducted by reference to the statutory elements of the offenses in question." Id. One element of the offense of indecent acts with another under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000), is that the conduct be prejudicial to good order and discipline or service discrediting, while the offense of rape, Article 120, UCMJ, 10 U.S.C. § 920 (2000), contains no such element. Therefore, indecent acts with another is simply not a lesser included offense of rape.

United States v. McCracken, No. 08-0440/MC

    With regard to the remedy, rather than order a sentence rehearing, I would remand to the United States Navy-Marine Corps Court of Criminal Appeals for sentence reassessment.