BAKER, Judge
(concurring in the result):
I concur in the result. However, I would decide this case based on the instructions given to the members by the military judge, rather than by breaking what is arguably new and unexplained ground in the law involving lesser included offenses.
In this case, the parties agreed that indecent acts was a lesser included offense of rape. The military judge then instructed the members that “[i]n order to find the accused guilty of this lesser offense [indecent acts with another], you must be convinced ... [t]hat on or about 28 April ..., the accused committed a certain wrongful act with Corporal [KM] ... by fondling her breasts and vagina....” However, the United States Navy-Marine Corps Court of Criminal Appeals affirmed this lesser offense on the ground that Appellant’s conduct was open and notorious. Therefore, even assuming without deciding that indecent acts is a lesser included offense of rape in this case, we cannot know whether the members would have found the act in question indecent because it was “open and notorious” based on all the facts and circumstances had they not found Appellant guilty of indecent assault.[1] I therefore believe the nature of the defini *469 tion of indecent acts provided in the instruction in this case precluded the lower court from affirming the lesser included offense.
In United States v. Miller, 67 M.J. 385 (C.A.A.F.2009), we considered and restated the current state of the law with respect to lesser included offenses before concluding that “Article 134, UCMJ, is not an offense necessarily included in Article 95, UCMJ.” Id. at 389 (overruling United States v. Foster, 40 M.J. 140 (C.M.A.1994), and its progeny to the extent those cases “support the proposition that clauses 1 and 2 of Article 134, [Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2002)], are per se included in every enumerated offense”). However, the granted issue in McCracken raises a number of issues involving lesser included offenses in the military justice system that are arguably left unresolved after Miller, including:
(1) Whether or not the offenses expressly listed by the President as violations of Article 134, UCMJ, such as indecent acts, that are identified in the Manual for Courts-Martial, United States as a lesser included offense to a particular enumerated offense can satisfy the requirements of Article 79, UCMJ, 10 U.S.C. § 879 (2000) (as a “necessarily included” lesser offense);
(2) Whether the elements test articulated in Schmuck v. United States, 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), precludes the President from delineating certain Article 134, UCMJ, offenses as lesser included offenses of enumerated offenses absent a statutory change to the enumerated offense;
(3) Whether the due process principles advanced in Schmuck can, as a matter of law, be satisfied through mechanisms of fair notice other than the elements test; and
(4) WTiat appellate effect, if any, does an agreement by the parties at trial that an offense is a lesser included offense have on the greater offense being considered on appeal.
It may well be that the majority opinion currently resolves each of these outstanding issues through implication. But, in my view, these issues warrant more than a summary disposition. Moreover, in fairness to the parties, and given the importance of the lesser included offense structure to the administration of military justice, these issues should not be resolved by implication, but should receive briefing, argument, and appropriate analytic consideration.

. Had the members rejected the greater offenses of rape and indecent assault, they would necessarily have been left with private consensual sexual contact between unmarried persons in the absence of the evidence offered by the defense. Such private consensual conduct has never been punishable in the military as an indecent act. United States v. Stocks, 35 M.J. 366, 367 (C.M.A. 1992) (sexual foreplay in private setting is not criminally "indecent”); United States v. Hiclcson, 22 M.J. 146, 150 (C.M.A.1986) ("private sexual intercourse between unmarried persons is not punishable”), overruled on other grounds by United States v. Hill, 48 M.J. 352 (C.A.A.F.1997) (summary disposition); United States v. Snyder, 1 C.M.A. 423, 427, 4 C.M.R. 15, 19 (1952) (fornication in the absence of aggravating circumstances is not an offense under military law because "Congress has not intended by Article 134 ... to regulate the wholly private moral conduct of an individual”).