UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private First Class VALDEZ R. DEAR
 United States Army, Appellant

 ARMY 20080786

 Headquarters, V Corps
 Edward J. O’Brien, Military Judge
 Colonel Flora D. Darpino, Staff Judge Advocate

For Appellant: Captain William Jeremy Stephens, JA (argued); Lieutenant
Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA;
Major Bradley Voorhees, JA; Captain William Jeremy Stephens, JA (on brief).

For Appellee: Captain Madeline F. Yanford, JA (argued); Colonel Norman
F.J. Allen III, JA; Lieutenant Colonel Martha L. Foss, JA; Major
Christopher B. Burgess, JA; Captain Madeline F. Yanford, JA (on brief).

 26 April 2010

 -----------------------------------
 SUMMARY DISPOSITION
 -----------------------------------

Per Curiam:

 Appellant entered mixed pleas. A panel of officer and enlisted
members, sitting as a general court-martial, convicted appellant, contrary
to his pleas, of indecent acts with another in violation of Article 134,
Uniform Code of Military Justice, 10 U.S.C. 934 [hereinafter UCMJ]. A
military judge sitting as general court-martial convicted appellant,
pursuant to his pleas, of desertion and fleeing apprehension, in violation
of Articles 85 and 95, UCMJ, 10 U.S.C. §§ and 885 and 895. The convening
authority approved the adjudged sentence to a bad-conduct discharge,
confinement for twenty-seven months, forfeiture of all pay and allowances,
and reduction to Private E1.

 This case is before this court for review pursuant to Article 66,
UCMJ. Appellant alleges inter alia the military judge erred when he
instructed the panel on the offense of indecent acts, which appellant
asserts is not a lesser-included offense of rape.

 Appellant was charged with rape, in violation of Article 120. During
an instructions conference, the military judge asked both parties whether
any lesser-included offenses were raised by the evidence, and he
specifically asked, “Does either side request the lesser-included offense
instruction on indecent acts?” The government responded, “Yes, Sir,” while
the defense opposed the instruction. The military judge explained he was
going to give the instruction despite the defense’s opposition. The
members subsequently acquitted appellant of the rape charge, but convicted
him of the Article 134 indecent acts offense.

 Article 79, UCMJ reads, “An accused may be found guilty of an offense
necessarily included in the offense charged or of an attempt to commit
either the offense charged or an offense necessarily included therein.” In
Schmuck v. United States, the Supreme Court called for a textual comparison
of elements to determine if one offense’s elements are a subset of the
elements of the charged offense, in which case it would be a lesser-
included offense. 489 U.S. 705 (1989). To determine whether a lesser
offense is necessarily included in the offense charged, we apply the
"elements test" derived from Schmuck. United States v. Medina, 66 M.J. 21,
25 (C.A.A.F. 2008). We look to the statutory elements of the offenses in
question, and not to conduct proved at trial in determining if one offense
is included in another. Id.

 In oral argument, the government relied on United States v.
Schoolfield, 40 M.J. 132 (C.M.A. 1994) for the holding that indecent acts
is a lesser-included offense of rape, though the elements of indecent acts
are not a subset of the elements of rape. That case, however, relied on
United States v. Foster for the proposition that the “service discrediting”
or “prejudicial to good order and discipline” elements required for
indecent acts, which are not included in the offense of rape, are included
in all enumerated offenses by implication. 40 M.J. 140, 143 (C.M.A. 1994)
(“The enumerated articles are rooted in the principle that such conduct per
se is either prejudicial to good order and discipline or brings discredit
to the armed forces; these elements are implicit in the enumerated
articles.”). This holding from Foster, however, was overruled by United
States v. Miller, 67 M.J. 385, 388-89 (C.A.A.F. 2009).

 The continuing viability of Schoolfield was called into question by
Medina and Miller, and recently, in the case of United States v. Jones, __
M.J. __, 2010 WL 1607838 (C.A.A.F. 19 Apr. 2010), our superior court
explicitly overruled Schoolfield. In Jones, on facts nearly identical to
the case at bar, our superior court found the military judge erred by
finding that indecent acts was a lesser-included offense of rape, and erred
when he instructed on the indecent acts offense.

 We similarly find that the elements of indecent acts do not survive
the Schmuck textual analysis; the offense contains elements not included in
the charged offense of rape. Indecent acts, an Article 134 offense,
contains the following elements: (1) the accused committed a certain
wrongful act with a certain person; (2) the act was indecent; and (3) under
the circumstances, the conduct of the accused was to the prejudice of good
order and discipline in the armed forces or was of a nature to bring
discredit upon the armed forces. Manual for Courts-Martial, United States
(2005 ed.) Part IV, para. 90.b. None of these elements is contained in the
offense of rape. Thus, we find it was error for the military judge to
instruct the panel on indecent acts. The Specification of Charge I is
therefore set aside and dismissed. Our holding moots appellant’s second
assignment of error, that there was a fatal variance between the charged
specification and the findings. Appellant’s third assignment of error is
without merit. We have considered those matters personally submitted by
appellant pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.
1982), and find them to be without merit. The remaining findings of guilty
are affirmed.

 Because of our action on the findings, we must reassess the sentence
in accordance with the principals set forth in United States v. Moffeit, 63
M.J. 40 (C.A.A.F. 2006), to include the factors Judge Baker identified in
his concurring opinion, United States v. Cook, 48 M.J. 434, 438, (C.A.A.F.
1998), and United States v. Sales, 22 M.J. 305, 307-09 (C.M.A. 1986). We
reassess the sentence and find that absent the error, appellant would have
at least received a sentence to a bad-conduct discharge, confinement for
one year, forfeiture of all pay and allowances, and reduction to Private
E1.

 We are satisfied beyond reasonable doubt that our sentence
reassessment cures the error. While the maximum punishment for indecent
acts exceeds the maximum punishment for desertion, desertion is a very
serious offense. This court has reviewed the records of a substantial
number of courts-martial involving convictions for desertion and has
extensive experience with the level of sentences imposed for such offense
under various circumstances. The maximum sentence for those charges
remaining is reduction to E1, forfeiture of all pay and allowances, four
years confinement and a dishonorable discharge. Our reassessment is well
below that maximum. The sentence, as reassessed, is affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court