RYAN, Judge,
with whom ERDMANN, Judge, joins (dissenting):
I agree with the majority that the test for whether evidence is legally sufficient to sustain a conviction is whether “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original); United States v. Phillips, 70 M.J. 161, 166 (C.A.A.F.2011). I also agree that a conclusive presumption that the element of service discredit is met by the possession of child pornography itself would violate the Constitution. See Sandstrom v. Montana, 442 U.S. 510, 523, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); Phillips, 70 M.J. at 165. I nonetheless write separately for two reasons.
First, it is entirely unclear to me what the actual distinction is between holding that the offense here cannot be per se or conclusively service discrediting and holding, at the same time, that “the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Appellant’s activity would have tended to bring discredit to the service had the public known of it.” Phillips, 70 M.J. at 165, 166. There is nothing in the record — other than the fact of the activity itself — upon which the military judge could have based this finding.
Appellant was convicted under clause 2 of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2006), which criminalizes “all conduct of a nature to bring discredit upon the armed forces.” The Due Process Clause requires that the terminal elements of Article 134, UCMJ, be independently proven beyond a reasonable doubt. United States v. Miller, 67 M.J. 385, 389 (C.A.A.F.2009). Relatedly, “an appellate court may not affirm on a theory not presented to the trier of fact and adjudicated beyond a reasonable doubt.” United States v. Medina, 66 M.J. 21, 27 (C.A.A.F.2008). Therefore, to affirm Appellant’s conviction under this Court’s precedents, one would expect the record to establish that the Government presented a theory at trial explaining why Appellant’s conduct was service discrediting. But the Government presented no such theory, either through evidence or through argument. In fact, the record of trial contains no discussion whatsoever of whether and how Appellant’s conduct was service discrediting.[1]
Second, and relatedly, there is thus no reason to assume that the military judge independently determined that the service-discrediting element was proven beyond a reasonable doubt. Moreover, while not acknowledged by the majority, our ease law on *168 whether and how to deal with pleading and proof of the terminal element of an Article 134, UCMJ, offense has been, until recently, far from clear. Compare United States v. Fuller, 54 M.J. 107, 112 (C.A.A.F.2000) (“[E]very enumerated offense under the UCMJ is per se prejudicial to good order and discipline or service discrediting.”), and United States v. Foster, 40 M.J. 140, 143 (C.M.A.1994) (“The enumerated articles are rooted in the principle that such conduct per se is either prejudicial to good order and discipline or brings discredit to the armed forces; these elements are implicit in the enumerated articles.”), with Miller, 67 M.J. at 389 (overruling Foster and its progeny “[t]o the extent those cases support the proposition that clauses 1 and 2 of Article 134, UCMJ, are per se included in every enumerated offense”), and Medina, 66 M.J. at 26 (holding that the terminal elements under clauses 1 and 2 are not implied elements of a prosecution under clause 3). This record provides no basis upon which to conclude that the military judge did anything other than assume that the conduct was per se or conelusively service discrediting based on the law at the time of trial. Appellant’s court-martial predated our decision in Miller.[2] We presume the military judge followed the law at the time of the court-martial. See United States v. Raya, 45 M.J. 251, 253 (C.A.A.F.1996). Under some of this law at the time, the conduct might be viewed as per se service discrediting. See, e.g., Foster, 40 M.J. at 143. There is simply no way to know that the military judge knew he must make, let alone made, an independent factual determination on the element of service discredit in this case, an issue compounded by the complete dearth of reference to the element in the record of trial.
Because the Government failed to present either evidence or argument on the element of service discredit and the military judge may have applied pr e-Miller law that some conduct is per se service discrediting, I would set aside the sentence and the finding of guilty on the child pornography charge and authorize a rehearing.

. While not dispositive, it is instructive that had Appellant pled guilty, this Court would find the plea improvident due to the complete absence of any discussion of the service-discrediting element on the record. See United States v. Jordan, 57 M.J. 236, 237-39 (C.A.A.F.2002) (finding the appellant's guilty plea to an Article 134, UCMJ, offense improvident when there was no factual basis for the terminal elements developed on the record).

. Miller was decided on June 10, 2009, and Appellant's court-martial concluded four months earlier, on February 5, 2009. Therefore, the military judge presumably applied the pre-Miller law in effect at Appellant's court-martial, whereas Miller governs this case on appeal. See United States v. Mullins, 69 M.J. 113, 116 (C.A.A.F.2010) ("[O]n direct review, we apply the clear law at the time of appeal, not the time of trial.”).