# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant KIRBY B. MOSES**
**United States Army, Appellant**

ARMY 20090247

Headquarters, United States Army Air Defense Artillery Center and Fort Bliss
Michael J. Hargis, Military Judge
Lieutenant Colonel Newt Hill, Acting Staff Judge Advocate (pretrial)
Colonel Michael J. Benjamin, Staff Judge Advocate (post-trial)

For Appellant:  William E. Cassara, Esquire; Captain Todd Lindquist, JA (on brief).

For Appellee:  Major Christopher B. Burgess, JA; Major Kirsten M. Dowdy, JA; Captain Stephen E. Latino, JA (on brief).

23 January 2012

-------------------------------------------------------------------
MEMORANDUM OPINION ON FURTHER REVIEW
-------------------------------------------------------------------

*This opinion is issued as an unpublished opinion, as such, does not serve as precedent.*

Per Curiam:

On 27 May 2011, this court issued a memorandum opinion pertaining to this case, which set aside the finding of guilty for the offense of indecent assault in the Specification of Charge II, but affirmed a finding of guilty of assault consumated by battery for that same specification.  This court also affirmed the remaining findings of guilty, and upon reassessment, affirmed the sentence.  On 21 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011).  Consequently, appellant's case is once again before this court for review under Article 66, UCMJ, 10 U.S.C. § 866 [hereinafter UCMJ].

A general court-martial composed of officer members convicted appellant, contrary to his pleas, of aggravated sexual abuse of a child, simple assault (two

specifications), burglary,[1] indecent assault,[2] and indecent acts with a child,[3] in violation of Articles 120, 128, 129, and 134, UCMJ, 10 U.S.C. § § 920, 928, 929, and 934. The panel sentenced appellant to a dishonorable discharge, confinement for seventeen years and reduction to E1. The convening authority approved the adjudged sentence and credited the appellant with 213 days of confinement credit against the sentence to confinement. The convening authority approved the adjudged sentence and credited the appellant with 213 days of confinement credit.

In addition to our review of this case in light *Fosler*, we have also reviewed appellant's single assignment of error alleging the evidence was legally and factually insufficient to support findings of guilty of various charges and specifications upon which he was convicted. We find this assignment of error without merit. However, we also agree with the opinion of Judge Hoffman and our predecessor panel (as set out immediately below) that although not raised as an assignment of error, the findings for the Specification of Charge II and Charge II must be set aside because indecent assault was not a lesser included offense (LIO) of rape:

FACTS

In this officer member case, the appellant was charged, inter alia, with the rape of his step-daughter, V.I., under the version of Article 120, UCMJ in effect prior to 1 October 2007. The appellant was also charged under Article 134 with having committed indecent acts upon V.I. by placing his hands on her private parts during the same periods applicable to the rape charge.

---

[1] In the Specification of Charge V, appellant was charged with burglary with intent to commit rape. The panel convicted appellant of burglary with intent to commit assault.

[2] In the Specification of Charge II, appellant was charged with rape on divers occasions between 1 January 2003 and 30 September 2007 under the version of Article 120, UCMJ that was in effect during that time period. *See Manual for Courts-Martial, United States* (2005 ed.) [hereinafter *MCM*, 2005]. The panel found appellant Not Guilty of rape but Guilty of indecent assault under Article 134, UCMJ.

[3] In Specification 1 of Charge VI, appellant was charged with indecent acts or liberties with a child between on or about 3 October 2003 and on or about 30 September 2007, under the then existing provision of Article 134, a provision now covered by Article 120, UCMJ. *See MCM* 2005, Part IV, para. 87b, deleted by Exec. Order No. 13447. 72 Fed. Reg. 56179 (Sep. 28, 2007).

V.I. was born 18 June 1997 and was under the age of 11 during the period of the misconduct enumerated in Charge II. She testified that while they lived at Fort Irwin the appellant "touched me where I don't like to be touched," indicating her private area. She then drew a stick figure of herself and circled the figure's groin in red marker to show where she had been touched. Later in her testimony she said that, while still living at Fort Irwin, appellant also poked her in her front private part with his private part. V.I. went on to draw a green circle around the figure's groin to identify where appellant's private part was located. Her testimony continued by saying appellant touched her private part with his private part at their house, when no other adults were present, and that it happened about two times when they lived in California. V.I.'s testimony about further molestation after she moved to Fort Bliss, Texas, involved appellant touching her private parts with his hands. That misconduct was charged as an indecent act in the specification of Charge VI.

During the 39a session the parties discussed proposed instructions on the lesser included offenses to Charge II, Article 120 rape. The military judge said the evidence raised the LIO of indecent assault under Article 134, UCMJ. Defense Counsel agreed with the analysis of the military judge with regard to that LIO, and the panel was so instructed.

LAW

Though the elements of indecent assault are not all common to the elements of rape, the *MCM* provision in effect at the time of the charged misconduct lists indecent assault as a lesser included offense of rape. *MCM*, 2005, Part IV, para. 45.d.(1)(c). Despite its listing in the *MCM*, we find indecent assault is not a lesser included offense of rape and set aside the findings of the specification of Charge II.

> Article 79, UCMJ, defines a lesser included offense as an offense "necessarily included" in the offense charged. *United States v. Medina*, 66 M.J. 21, 24 (C.A.A.F. 2008) explained that to determine whether a lesser offense is necessarily included in the offense charged, military courts must utilize the "elements test" derived from the United States Supreme Court's decision in *Schmuck v. United States*, 489 U.S. 705, 716-717 (1989). The *Medina* court noted,

3

> Since offenses are statutorily defined, that comparison is appropriately conducted by reference to the statutory elements of the offenses in question, and not, as the inherent relationship approach would mandate, by reference to conduct proved at trial regardless of the statutory definitions. One offense is not 'necessarily included' in another unless the elements of the lesser offense are a subset of the elements of the charged offense.

> *Id.* at 24-25.

> The Court of Appeals for the Armed Forces (CAAF) elaborated on this concept in *United States v. Miller*, 67 M.J. 385, 388 (C.A.A.F. 2009) wherein it reiterated that an accused should not have to look further than his charge sheet to know what he is expected to defend against. "[T]he principle of fair notice mandates that an accused has a right to know to what offense and under what legal theory he will be convicted and that a lesser included offense meets this notice requirement if it is a subset of the greater offense alleged." *Id.* at 389.

*United States v. Honeycutt*, ARMY 20080589 (Army Ct. Crim. App. 1 Sept. 2010) (unpub.).

In *United States v. Jones*, 68 M.J. 465, 470 (C.A.A.F. 2010), the court held the Article 134 offense of indecent acts is not a lesser included offense of the Article 120 offense of rape. Indecent assault, like indecent acts, is an Article 134 offense. The elements of rape do not include all of the elements of indecent assault. Specifically, the offense of rape does not include the element from Article 134 that requires the government to prove that "under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces." See generally Article 134, UCMJ. Though it is listed as a lesser included offense in the *MCM*, indecent assault does not qualify as a lesser included offense under the elements set out in *Schmuck*, and reiterated in *Medina*, *Miller*, and *Jones*. See *United States v. Honeycutt*, ARMY 20080589 (Army Ct. Crim. App. 1 Sept. 2010) (unpub.).

Having found that the offense of indecent assault is not a lesser included offense of rape, the finding of guilty of the offense of indecent assault in the Specification of Charge II is set aside. We further find the evidence to be factually and legally sufficient to affirm the lesser included offense of assault consummated by a battery. Assault consummated by a battery is a named lesser included offense of rape. *MCM,* 2005, Part IV, para. 45.d.(1)(a). The elements test in *United States v. Schmuck* does not require that for an offense to be a lesser included offense that the LIO employ identical language from the greater offense, but instead apply normal principles of statutory construction. *United States v. Alston*, 69 M.J. 214, 216 (CAAF 2010) (citing *Carter v. United States,* 530 U.S. 255, 263 (2000)). The elements of assault consummated by a battery under Article 128 are "[t]hat the accused did bodily harm to a certain person; and that the bodily harm was done with unlawful force or violence." *MCM,* 2005, Part IV, para.54.b.(2). Bodily harm is defined in the Manual as "any offensive touching of another, however slight." *MCM,* 2005, Part IV, para. 54.c.(1) (a). Each of the elements of assault consummated by a battery are contained in the elements of rape which includes the act of sexual intercourse done by force and without consent. *MCM*, 2005, Part IV, para. 45.b.(1)(b). Simply put, the force used to engage in sexual intercourse by force and without consent includes bodily harm done with unlawful force. Assault consummated by a battery is therefore a lesser included offense of rape. Both elements of that offense are supported by evidence admitted at trial. Therefore, a finding of guilty to the lesser included offense is both factually and legally sufficient.

Accordingly, under the rationale set forth by Judge Hoffman and our predecessor panel, we affirm appellant's conviction of the specification of Charge II for the lesser included offense of assault consummated by a battery in violation of Article 128, UCMJ. We affirm only so much of the finding of guilty of the Specification of Charge II and Charge II, as finds that appellant:

> Did between on or about 1 January 2003 and 30 September 2007, at or near Fort Irwin, California on divers occasions, unlawfully touch Miss V.I., a child under the age of 16 years, on her front private part with his private part.

As to Charge II, we affirm a finding of guilty of Article 128, UCMJ.

5

### *Fosler* Issue

We have also considered and find, in light of our superior court's decision in *Fosler*, that the remaining Article 134, UCMJ, charge and its specification are not so defective as to warrant dismissal. Appellant did not object to the language of Specification 1 of Charge VI, which specification did not expressly allege the terminal elements of committing an indecent act upon the body of a female under 16 years of age. "[A] charge and specification challenged for the first time on appeal is liberally construed and will not be held invalid absent a clear showing of substantial prejudice to the accused-such as a showing that the indictment is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *United States v. Roberts*, 70 M.J. 550, 553 (Army Ct. of Crim. App. 14 Oct. 2011)(quoting *United States v. Watkins*, 21 M.J. 208, 209-210 (C.M.A. 1986)(internal quotations omitted)). *Cf. Fosler*, 70 M.J. at 230. Facially, the language of Specification 1 of Charge VI in this case necessarily implies service discrediting conduct by alleging appellant wrongfully committed an indecent act upon the body of Miss V.I., a female under 16 years of age, not the wife of appellant [the same victim alleged in three Article 120, UCMJ specifications], by placing his hands upon her breasts and private parts, with intent to arouse and gratify the lust and sexual desires of appellant, in violation of Article 134, UCMJ. This textual relationship, when liberally construed, establishes that appellant was on notice of the charge and specification against him and the factual allegations within the specification, along with the record of trial, sufficiently protect him against double jeopardy.

On consideration of the entire record, in addition to the modification of the Specification of Charge II and Charge II, as noted above, we also affirm the remaining findings of guilty. Furthermore, in light of the modification to the findings, we reassess the sentence. Based upon the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, including Judge Baker's concurring opinion, 63 M.J. 40, 42 (C.A.A.F. 2006), the court affirms the sentence.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court