# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class COLT M. SMITH**
**United States Army, Appellant**

ARMY 20110398

Headquarters, United States Army Maneuver Support Center of Excellence
Charles D. Hayes, Military Judge
Colonel James R. Agar II, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard Gorini, JA; Captain Matthew T. Grady (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA (on brief).

26 June 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

YOB, Senior Judge:

A panel of officers, sitting as a general court-martial, convicted appellant, contrary to his pleas, of maiming and aggravated assault by intentional infliction of grievous bodily harm, in violation of Articles 124 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 924, 928 (2006) [hereinafter UCMJ].  The panel sentenced appellant to a bad-conduct discharge, confinement for five years, forfeiture of all pay and allowances, a reprimand, and reduction to the grade of E-1. The convening authority (CA) approved the sentence as adjudged.

The case is before this court for review under Article 66, UCMJ.  We have considered the record of trial and written briefs of the parties in which appellant raises two assignments of error.  First, appellant asserts that aggravated assault by intentional infliction of grievous bodily harm is a lesser-included offense of maiming.  Second, appellant argues that the CA's action as it pertained to waiver of forfeitures was ambiguous and vague, thus necessitating a new action by the CA. We agree with appellant on both counts.  We have also reviewed the matters

personally raised by appellant under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find appellant's arguments to be without merit.

In this case, the government charged appellant with both maiming a child and aggravated assault by intentionally inflicting grievous bodily harm to that same child. Both the maiming and aggravated assault specifications identically describe appellant's criminal conduct as "applying pressure to [the infant's] ribs and causing him to undergo rotational acceleration and deceleration and head impact" causing "broken bones, bleeding on the brain, and damage to the brain." The military judge stated that he intended to instruct on lesser-included offenses as it related to the maiming and aggravated assault specifications. However, the military judge did not instruct the panel whether they could consider aggravated assault as a lesser-included offense of maiming, to which neither party objected.

"Whether an offense is a lesser-included offense is a question of law we review de novo." *United States v. Arriaga*, 70 M.J. 51, 54 (C.A.A.F. 2011) (quoting *United States v. Miller*, 67 M.J. 385, 387 (C.A.A.F. 2009) (citations omitted)). If counsel does not object during trial, the failure to instruct on a lesser-included offense is reviewed for plain error. *Id.* This court applies the "elements test" to determine whether one offense is lesser-included offense of another. *United States v. Jones*, 68 M.J. 465, 470–71 (C.A.A.F. 2010).

We accept the government's concession that under the unique facts of this case, applying the elements test, there is no doubt the aggravated assault specification was both multiplicious and a lesser-included offense of maiming. *See United States v. Teeters*, 37 M.J. 370, 377 (C.M.A. 1993) (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932)) ("[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.")); *Jones*, 68 M.J. at 470. *See also Manual for Courts-Martial*, *United States* (2008 ed.) [hereinafter *MCM*], pt. IV, ¶ 50d.(3). Notwithstanding the government's concession, the government argues that trial defense counsel forfeited this issue by not raising multiplicity at trial, thus requiring a plain error analysis. Under this analysis, "appellant has the burden of demonstrating that: (1) there was error; (2) the error was plain and obvious; and, (3) the error materially prejudiced a substantial right of the accused." *United States v. Wilkins*, 71 M.J. 410, 412 (C.A.A.F. 2012). We find the military judge's error in failing to find the two offenses multiplicious, coupled with failing to instruct the panel that aggravated assault is a lesser-included offense of maiming, was plain and obvious error. Even though the military judge merged the two offenses for sentencing purposes, we find the dual convictions themselves prejudicial, where, as here, Congress did not intend appellant's conduct to be punishable under both Articles 124 and 128, UCMJ. *Ball v. United States*, 470 U.S. 856, 862 (1985). Thus, given the finding of guilty to the maiming offense under

Article 124, UCMJ, we apply a remedy with respect to the multiplicious offenses of setting aside the finding of guilty to the lesser-included offense of aggravated assault with intent to commit grievous bodily harm under Article 128, UCMJ. However, we recognize that since the military judge merged the offenses for sentencing purposes, the sentencing landscape is not dramatically changed. Therefore, we see no need to adjust the adjudged sentence.

In appellant's next assignment of error, he asserts the CA's action was ambiguous and incomplete regarding waiver of automatic forfeitures. In his action, completed on 18 October 2011, the CA noted he was terminating the deferment of appellant's automatic and adjudged forfeitures he previously granted for the benefit of appellant's minor children on 25 May 2011. The CA's action also waived appellant's automatic forfeitures, effective on the date of action, for a period of six months, with the direction that the funds be paid to the guardian of appellant's minor children for the benefit of those children.

However, the CA's action failed to disapprove appellant's adjudged forfeitures, rendering the waiver of automatic forfeitures meaningless. In order to effectuate the clear intent of the convening authority to provide appellant with maximum relief from forfeitures for the benefit of appellant's dependent children, and in the interest of judicial economy, we set aside that portion of the sentence that includes forfeiture of pay.

## CONCLUSION

The finding of guilty of Specification 1 of Charge II is set aside and that Specification is dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for five years, a reprimand, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that aspect of the findings and sentence set aside by this decision, are ordered restored. *See* Articles 58b(c) & 75(a), UCMJ.

Judge KRAUSS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3