Judge ERDMANN
delivered the opinion of the court.
Upon consideration of the granted issues[1] and the briefs and arguments of the parties, we conclude as a matter of law that under the circumstances of this case, open and notorious indecent acts under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000), was neither expressly nor inherently a lesser included offense of the charged offense of rape under Article 120, UCMJ, 10 U.S.C. § 920 (2000).
In this case the parties agreed that indecent acts was a lesser included offense of rape and the military judge subsequently instructed the members that “[i]n order to find the accused guilty of this lesser offense, you must be convinced ... [tjhat on or about 28 April 2004 ... the accused committed a certain wrongful act with Corporal [KM] ... by fondling her breasts and vagina....” However, the Navy-Marine Corps Court of Criminal Appeals affirmed on the ground *468 that McCracken’s conduct was open and notorious, which was not the factual basis upon which members were instructed. United States v. McCracken, No. NMCCA 200600484, 2008 CCA LEXIS 39, at *19, 2008 WL 274920, at *7 (N.M.Ct.Crim.App. Jan. 29, 2008) (unpublished). We have stated that “[a]n appellate court may not affirm an included offense on ‘a theory not presented to the’ trier of fact.” United States v. Riley, 50 M.J. 410, 415 (C.A.A.F.1999) (quoting Chiarella v. United States, 445 U.S. 222, 236, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980)). Further, in our recent opinion in United States v. Miller, 67 M.J. 385, 389 (C.A.A.F.2009), we held that a Court of Criminal Appeals may not affirm an Article 134, UCMJ, offense based solely on the charging of an enumerated offense at trial.[2]
As our disposition of the first granted issue dramatically changes the penalty landscape in this ease, it requires that we authorize a sentence rehearing on the remaining offense and we need not address the second granted issue. See Riley, 58 M.J. at 312; United States v. Sales, 22 M.J. 305, 307-08 (C.M.A.1986). Accordingly, it is, by the Court, this tenth day of July, 2009,
ORDERED:
That the decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed as to the finding of guilty of indecent acts and the sentence. The remaining findings are affirmed. The findings of guilty of Charge II and its specification are set aside and Charge II and its specification are dismissed. The sentence is set aside. A rehearing on sentence is authorized.

. We granted review of the following issues:
I.
WHETHER THE LOWER COURT ERRED BY AFFIRMING A LESSER-INCLUDED OFFENSE BASED ON A THEORY OF CRIMINALITY NOT PRESENTED BY THE GOVERNMENT AT TRIAL.
II.
WHETHER THE LOWER COURT ERRED IN REASSESSING APPELLANT'S SENTENCE INSTEAD OF REMANDING THE CASE FOR A SENTENCE REHEARING.
67 MJ. 36 (C.A.A.F.2008).

. Miller addressed the narrow issue as to whether the holding in United States v. Foster, 40 M.J. 140, 143 (C.M.A.1994), "that an accused is on notice of an Article 134, UCMJ, lesser included offense because every enumerated offense under the UCMJ is per se prejudicial to good order and discipline or service discrediting” had continuing validity and found it did not. Miller, 67 M.J. at 388-89. Miller did not address other potential issues related to Article 134, UCMJ, lesser included offense, such as whether a lesser included offense that includes elements not included in the greater offense may be affirmed in other circumstances, i.e., where the lesser included offense is listed in the Manual for Courts-Martial, United States or where the lesser included offense is not objected to at trial and is instructed upon by the military judge. Those issues are reserved for another day.