# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Malcolm J. HOLLAND
### Boatswain's Mate Third Class (E-4), U.S. Coast Guard

## CGCMG 0245

## Docket No.  1301

## 8 December 2009

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at Norfolk, Virginia on 19 October 2007.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LT Andrew P. Grant, USCGR |
| Assistant Trial Counsel: | LT Jeffery S. Howard, USCG |
| Defense Counsel: | LT Jason Connors, JAGC, USN |
| Appellate Defense Counsel: | LT Robert M. Pirone, USCGR |
| | LT Kelley L. Tiffany, USCGR |
| Appellate Government Counsel: | LT Donna D. Leoce, USCG |
| | LT Emily P. Reuter, USCG |

## ON RECONSIDERATION
## BEFORE
## McCLELLAND, KENNEY & CHANEY
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of two specifications of distributing cocaine, in violation of Article 112a, Uniform Code of Military Justice (UCMJ); and one specification each of indecent acts with a minor, indecent exposure, and wrongfully providing alcohol to minors, all in violation of Article 134, UCMJ.  The military judge sentenced Appellant to confinement for fifteen months, forfeiture of all pay and allowances, reduction to E-1, and a bad-conduct discharge.  The Convening Authority approved the sentence as adjudged.  The pretrial agreement had no effect on the sentence.

Before this Court, Appellant assigned as error that Appellant's plea to Charge III, indecent acts with a child, is improvident because Appellant's actions in giving a back rub did not rise to the level of indecency. We affirmed the findings and sentence on 10 September 2009.

On 1 October 2009, Appellant filed a Motion for Reconsideration, asserting that the military judge erred in accepting Appellant's guilty plea to a violation of Article 134, UCMJ, as a lesser included offense of Charge III under Article 120, UCMJ, citing *United States v. Miller,* 67 M.J. 385 (C.A.A.F. 2009). On 5 October 2009, the Government filed its opposition to Appellant's motion. On 15 October 2009, this Court granted Appellant's Motion for Reconsideration. Upon reconsideration, we find no error and affirm. The opinion of 10 September 2009 is withdrawn and replaced with the present opinion.

Originally, Charge III cited Article 120, UCMJ, supported by a standard specification alleging carnal knowledge of LR, a person under the age of 16, in November 2005. To that charge and specification, Appellant pleaded "not guilty, but guilty of the lesser included offense of Article 134, UCMJ, indecent acts with a child." (R. at 12.) After providence inquiry, the military judge found him guilty of Charge III in virtually identical language. He did not articulate the specification of which Appellant was guilty. However, the pretrial agreement, stating the guilty plea Appellant was offering under Charge III, sets forth a specification under Article 134, and during the providence inquiry, the military judge closely tracked the pretrial agreement language when he told Appellant that the first element of the offense was "that on or about a date in November 2005, you committed certain acts with [LR] by stripping naked in front of [LR] and giving her a backrub while [LR] was wearing only boxers." Clearly the pretrial agreement language specifies the acts of which Appellant was found guilty.

## Article 134 as LIO of Article 120

As previously noted, Appellant was charged in Charge III with carnal knowledge under Article 120, UCMJ. He pleaded "not guilty, but guilty of the lesser included offense of Article 134, UCMJ, indecent acts with a child."

¶ 45d(2)(a) of the Manual for Courts-Martial, United States (2005 ed.) (MCM) lists indecent acts or liberties with a person under 16, under Article 134, as a lesser included offense of carnal knowledge.[1]  Although the Article 134 elements of prejudice to good order and discipline (clause 1) and discredit upon the armed forces (clause 2) do not appear in Article 120, the Court of Military Appeals – now Court of Appeals for the Armed Forces (CAAF) – held in *United States v. Foster*, 40 M.J. 140 (C.M.A. 1994) "that, in military jurisprudence, the term 'necessarily included' in Article 79 encompasses derivative offenses under Article 134," reasoning that conduct addressed in the enumerated articles "*per se* is either prejudicial to good order and discipline or brings discredit to the armed forces; these elements are implicit in the enumerated articles."  *Id.* at 143.

However, in *United States v. Miller*, 67 M.J. 385 (C.A.A.F. 2009), CAAF overruled *Foster* and its progeny "to the extent those cases support the proposition that clauses 1 and 2 of Article 134, UCMJ, are *per se* included in every enumerated offense," because they are at odds with the principle of fair notice and due process precedent from the Supreme Court.  *Id.* at 389.  CAAF also cited *United States v. Medina*, 66 M.J. 21 (C.A.A.F. 2008) concerning the requirement of notice to an accused.  In *Medina*, CAAF concluded that clauses 1 and 2 of Article 134 "are not necessarily lesser included offenses of offenses alleged under clause 3 [crimes and offenses not capital], although they may be, depending on the drafting of the specification.  [The foregoing] reasoning is further buttressed by the principle of fair notice when pleading."  *Id.* at 26.

Appellant now argues, citing *Miller*, that the crime of indecent acts with a child, to which he pleaded guilty, was not one he was charged with nor was it a lesser included offense of what he was charged with, hence Appellant was not on notice for the crime of indecent acts with a child.  If he had known that he could not have been found guilty of indecent acts with a child as a lesser included offense of carnal knowledge, Appellant contends, he might not have pleaded guilty, and thus he claims his plea was improvident.

---

[1] The maximum sentence to confinement for carnal knowledge was twenty years in this case.  The maximum sentence to confinement for indecent acts with a person under 16 was seven years.

Appellant's contention echoes *Medina*, wherein the court pointed out that "while we know that Appellant admitted to service discrediting conduct in the context of pleading guilty to the violations of Title 18, we do not know whether he would have done so with the knowledge that he was not required to admit his conduct satisfied the alternate theory under Article 134(2)." *Id.* at 27.  That is, one cannot know whether that accused would have admitted to service-discrediting conduct if he had known that service discredit was not considered implicit in the other offense to which he had explicitly pleaded guilty.

That *Medina*'s reach may be more limited than first appears is hinted at by footnote 7, appended to the foregoing quotation: "Of course, the parties may agree pursuant to a pretrial agreement that during the plea inquiry the accused will admit his conduct satisfies the requirements of clauses 1 and 2 of Article 134, UCMJ." *Id.* at 27.  Presumably, if that had occurred in the *Medina* case, the court would not have set aside the lower court's decision as it did.

Likewise, *Miller* might not determine our case without further ado.  In *United States v. McCracken*, 67 M.J. 467 (C.A.A.F 2009), CAAF noted:

> *Miller* did not address other potential issues related to Article 134, UCMJ, lesser included offense, such as whether a lesser included offense that includes elements not included in the greater offense may be affirmed in other circumstances, i.e., where the lesser included offense is listed in the *Manual for Courts-Martial, United States* or where the lesser included offense is not objected to at trial and is instructed upon by the military judge. Those issues are reserved for another day.

*Id.* at 468, fn 2.

In *Medina*, the accused was convicted, pursuant to his pleas of guilty, of certain offenses under clause 3 of Article 134.  The Court of Criminal Appeals declined to affirm the findings under clause 3, but affirmed the findings of guilty of lesser included offenses under clause 2.  66 M.J. at 23-24.  In *Miller*, the accused was convicted, contrary to his pleas, of a violation of Article 95.  The Court of Criminal Appeals found the evidence factually insufficient, but found the accused guilty of a simple disorder under Article 134 as a lesser included offense.  67 M.J. at

386-87. *McCracken*, too, was a case where the issue stemmed from action by the Court of Criminal Appeals in affirming a conviction, rendered by members after a contested trial, on a theory other than that upon which the members were instructed. 67 M.J. at 467-68.

By contrast with all of these cases, Appellant in our case pleaded guilty to the lesser offense. Conviction of the lesser offense was specifically chosen by him, in a pretrial agreement; no court is imposing it on him without prior notice to him that it was a possibility. The question remains whether the military judge should have advised him that he was pleading guilty to an offense that he was not charged with and that was not necessarily included in a charge that he was charged with. Given *Miller*, it may be said that he was pleading guilty to a charge and specification to which a major amendment had been made. R.C.M. 603(d) requires that such a change "may not be made over the objection of the accused unless the charge or specification affected is preferred anew."

By pleading guilty pursuant to a pretrial agreement in which he agreed to the amended specification, Appellant waived any objection to the major amendment. *United States v. Cooper-Tyson*, 37 M.J. 481, 483 (C.M.A. 1993). *See also United States v. Wilkins*, 29 M.J. 421, 424 (C.M.A. 1990) (holding that a pretrial agreement was the functional equivalent of a referral of an amended charge).

From a more fundamental perspective, the "fair notice" principle invoked in both *Medina* and *Miller* would seem to be satisfied by the fact that in this case, Appellant pleaded guilty to the putative lesser included offense "after thorough consultation with [his] defense counsel." (Appellate Ex. VI at 1.) Surely that consultation included a full explanation of the offense to which he was pleading guilty, even if it assumed that the offense was a lesser included offense of carnal knowledge.[2]

---

[2] Appellant's trial preceded the decisions in both *Medina* and *Miller*. Thus, the law at that time was as pronounced in *Foster*. Although we believe we should apply their principles to this case retrospectively, see *Griffith v. Kentucky*, 479 U.S. 314 (1987), counsel could not reasonably be expected to foresee either of those decisions.

Furthermore, as the Government argues, Appellant had notice that the offense to which he pleaded guilty was a lesser included offense of the charged offense by virtue of the statement to that effect in ¶ 45d(2)(a), MCM.  Such was not the case in either *Medina* or *Miller*.

We do not perceive in *Medina* or *Miller* any controlling principle applicable to this case other than fair notice.  We conclude that despite the fact that prejudice to good order and discipline and discredit to the armed forces are no longer considered to be *per se* included in every enumerated offense, a guilty plea, prior to the *Miller* decision, to an Article 134 offense as a lesser included offense of an enumerated offense is not improvident on that account.[3]  We further conclude that notwithstanding *Miller*, a lesser included offense listed in the MCM remains a lesser included offense.  On either of these conclusions, we may reject Appellant's claim, and we do so.  We hold that the military judge was not required to make further explanation or inquiry to perfect the providence of Appellant's plea.

### Backrub as indecent act with child

Appellant argues that his guilty plea to a charge of indecent acts with a child is improvident because his actions in giving a back rub did not rise to the level of indecency.

Appellant testified in the providence inquiry that he gave LR a back massage for his own pleasure and that doing so aroused his lust and sexual desires.  (R. at 44.)  He also acknowledged that he knew his actions were wrongful and indecent.  (R. at 46.)

The legal standard for determining whether a guilty plea is provident is whether the record presents a substantial basis in law or fact for questioning it.  *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991); *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  The record must contain a sufficient factual basis to support the plea.  Rule for Courts-Martial (R.C.M.) 910(e).  And the accused must believe and admit every element of the offense.  *United States v. Whiteside*, 59 M.J. 903, 906 (C.G.Ct.Crim.App. 2004) (citing R.C.M. 910(e) Discussion).

---

[3] We hope that after *Miller*, if not *Medina*, counsel on both sides and military judges have adjusted their practices in view of the new legal landscape.

On the indecency issue, all the facts and circumstances of a case must be considered. *United States v. Baker*, 57 M.J. 330, 336 (C.A.A.F. 2002). Given the facts and circumstances in this case, we find a sufficient factual basis for the plea at issue; we see no substantial basis in law or fact for questioning the guilty plea.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judges KENNEY and CHANEY concur.



For the Court,


Amber K. Riffe
Clerk of the Court