# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### Terrence A. BARKER
### Seaman (E-3), U.S. Coast Guard

### CGCMG 0272

### Docket No. 1340

### 17 November 2011

General Court-Martial convened by Commander, Coast Guard Atlantic Area. Tried at Norfolk, Virginia, on 16 April 2010.

| | |
|---|---|
| Military Judge: | CAPT Gary E. Felicetti, USCG |
| Trial Counsel: | LT Kelly C. Blackburn, USCGR |
| Military Defense Counsel: | LT Jeff J. Pietrzyk, JAGC, USN |
| Assistant Defense Counsel: | LT Ronisha Beasley, JAGC, USN |
| Appellate Defense Counsel: | LCDR Shadrack L. Scheirman, USCG |
| Appellate Government Counsel: | LCDR Douglas K. Daniels, USCG |
| | LT Jonathan D. Shumate, USCGR |

## BEFORE
## McCLELLAND, McTAGUE & JOHNSON
### Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of assault consummated by a battery upon a child under the age of sixteen, in violation of Article 128, Uniform Code of Military Justice (UCMJ); and one specification of knowingly allowing minors to consume alcoholic beverages in violation of a Florida statute, such conduct being of a nature to bring discredit upon the armed forces, in violation of Article 134, UCMJ. The military judge sentenced Appellant to confinement for twelve months, reduction to E-1, and a bad-conduct discharge. The

Convening Authority approved the sentence. The pretrial agreement did not affect the sentence.

Before this court, Appellant has assigned the following errors:

I.      Appellant's due process rights were prejudiced when the military judge accepted his guilty plea to an offense with which he was not charged.

II.     Appellant's guilty plea was improvident because the military judge failed to elicit a sufficient factual basis.

We discuss the first issue issue briefly and the second issue at greater length. We affirm.

### Assault and battery as lesser included offense of sexual assault of a child

Appellant argues that the offense to which he pleaded guilty is not a lesser included offense of the offense with which he was charged, and therefore his conviction should be reversed.

Appellant was charged with aggravated sexual assault of a child. In accordance with a pretrial agreement, he pleaded guilty to assault and battery upon a child.

Upon comparing the elements of the two offenses, we conclude that assault and battery is, indeed, a lesser included offense of aggravated sexual assault of a child. *See United States v. Bonner*, 70 M.J. 1 (C.A.A.F. 2011). Further, Appellant's guilty plea, pursuant to a pretrial agreement, obviated the issue. *See United States v. Holland*, 68 M.J. 576 (C.G.Ct.Crim.App. 2009); *United States v. Morton*, 69 M.J. 12, 16 (C.A.A.F. 2010) ("[A]n accused may choose, with convening authority approval, to plead guilty to any amended specification as long as the plea inquiry establishes that such a plea is knowing and voluntary and the plea is accepted by the military judge.").

### Providence of guilty plea to assault and battery

Appellant asserts that the military judge failed to explain the element of "unlawful force or violence" during the providence inquiry on the specification of assault and

battery upon a child, and failed to elicit a factual basis for it.  He further asserts that the military judge assumed, without basis, that the alleged victim could not consent because she was under the age of sixteen.  He argues that these defects render the plea of guilty improvident.

The legal standard for determining whether a guilty plea is provident is whether the record presents a substantial basis in law or fact for questioning it.  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).  The record must contain a sufficient factual basis to support the plea.  R.C.M. 910(e).  The accused must believe and admit every element of the offense.  *United States v. Whiteside*, 59 M.J. 903, 906 (C.G.Ct.Crim.App. 2004) (citing R.C.M. 910(e) Discussion).  A military judge's decision to accept a guilty plea is reviewed for an abuse of discretion.  *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996).  A military judge abuses this discretion if he fails to obtain from the accused an adequate factual basis to support the plea.  *Inabinette*, 66 M.J. at 322.  Also, a ruling based on an erroneous view of the law constitutes an abuse of discretion.  *Id.*  "The providence of a plea is based not only on the accused's understanding and recitation of the factual history of the crime, but also on an understanding of how the law relates to those facts."  *United States v. Medina*, 66 M.J. 21, 26 (C.A.A.F. 2008) (citing *United States v. Care*, 18 USCMA 535, 538-39, 40 C.M.R. 247, 250-51 (1969)).

The facts underlying the assault and battery specification, as set forth in a Stipulation of Fact, Prosecution Exhibit 1, are as follows.[1]  Appellant made the acquaintance of CR, a fifteen-year-old girl whom he believed to be eighteen, and became sexually intimate with her.  Then he learned that she was only fifteen, after which he was again intimate, to include having intercourse with her on two occasions.

---

[1] Appellant's testimony during the providence inquiry was the same in substance.

*Consent in case of battery upon a child*

We begin with the question of whether a child under the age of sixteen can consent to intercourse. The record alludes to this issue, and the Stipulation of Fact says, in paragraph 7, "Because [CR] was under the age of 16 she could not legally consent to these acts. Therefore, these acts were done without the lawful consent of the victim." This is a statement of law, not of fact. It appears to have been part of the basis for the military judge's acceptance of the guilty plea. If it is wrong, the military judge abused his discretion in accepting the plea, as noted above.

In *United States v. Banker*, 60 M.J. 216, 220 (C.A.A.F. 2004), the Court of Appeals for the Armed Forces noted, "[T]his Court has never recognized the ability of a child to legally consent to sexual intercourse or sodomy." The court went on to hold that a child under the age of sixteen was not capable of legally consenting to intercourse. *Id.* at 221. We see no reason why this principle would be inoperative merely because the offense to which Appellant was pleading guilty was assault and battery rather than a sex offense. Accordingly, the military judge in our case, in taking the same view, was not relying on an erroneous view of the law.

*Providence analysis*

The foregoing does not end our consideration of consent, which is entwined in the overall plea providence issue of whether an accused understands how the law relates to the facts. Appellant claims that the military judge gave him an inadequate explanation of the law during the providence inquiry. We proceed to consider the explanation that was given, comparing it to well-established principles of the law of assault.

The elements for this case, as found in the Manual for Courts-Martial, are:

That the accused did bodily harm to a certain person;
That the bodily harm was done with unlawful force or violence; and
That the person was then a child under the age of 16 years.

Manual for Courts-Martial (MCM), United States (2008 ed.), Pt IV, ¶ 54b(3)(c).[2]

> In explaining the law to Appellant, the military judge stated,
>
> An "assault" is an attempt or offer with unlawful force or violence to do bodily harm to another. An assault in which bodily harm is actually inflicted, however, is called a "battery." A "battery" is an unlawful and intentional application of force or violence to another. The act must be done without legal justification or excuse and without the lawful consent of the person affected. "Bodily harm" means any physical injury to, or offensive touching of, another person, however slight.

(R. at 42.)

This follows closely the texts of MCM, Part IV, ¶ 54c(1)(a) and ¶ 54c(2)(a), with one additional sentence concerning battery that we see as unexceptionable. The military judge went on,

> A touching is not offensive and, therefore, not bodily harm if the person touched, while not under any incapacity or the influence of another person, actually knowingly and voluntarily agreed to it and actively participated in the touching. On the other hand, a touching can be offensive and therefore bodily harm under other circumstances, even though the person touched did not object at the time.[3]

(R. at 42-43.)

Appellant complains that the military judge did not define "unlawful force or violence." The military judge did not need to explain terms that can be readily understood by an ordinary person. For example, we have found no case supporting the notion that the term "force or violence" must be explained. The larger term "unlawful force or violence," incorporating "unlawful," arguably does require explanation. We view the statement, "The act must be done without legal justification or excuse and without the lawful consent of the person affected," to be explanation of "unlawful and intentional application of force or violence," which it immediately followed. That explanation is adequate, with one qualification. Critical in the context of our case is the

---

[2] The military judge informed Appellant of these elements during the providence inquiry, with additional wording based on the facts alleged in the specification, including the element "[t]hat you did so by having sexual intercourse with her." (R. at 42.)

[3] This extra language is not wrong, but it is vague and indeterminate. Appellant could not have determined from this language alone whether his conduct had constituted a battery. As it did not conflict with information he was otherwise given, it did no harm.

question of "lawful consent," as it turns not on an ordinary understanding of "consent" but on the legal principle we addressed when we began this discussion. Only if Appellant understood that CR was not capable of legally consenting to intercourse, because she was less than sixteen years of age, did he have enough understanding to make his plea provident as to this point.

The military judge's colloquy with Appellant on the offense used the word "consent" only twice. For each instance of intercourse, he asked whether Appellant agreed that CR "did not genuinely consent." (R. at 62, 64.) Appellant agreed. The context of the military judge's question was muddled, as he also elicited the fact that CR was intoxicated. However, Appellant had already indicated that he had some idea of the significance of CR being under age at the time of his acts. He testified that when he found out she was fifteen years old, "I told her, you know – you know, that we could be friends or whatever, but I can't be involved in a relationship with you anymore." (R. at 57-58.) Too, Appellant had signed the stipulation of fact, and had read it during trial before the colloquy began. (R. at 40.) As previously noted, the stipulation of fact includes: "Because [CR] was under the age of 16 she could not legally consent to these acts. Therefore, these acts were done without the lawful consent of the victim." In short, there is good reason to believe Appellant did understand that CR was not capable of legally consenting to intercourse because she was less than sixteen years of age.

Appellant further complains that the military judge failed to elicit a factual basis for the element of unlawful force or violence. His argument misconceives the concept of factual basis. "Kissing, even though it generally only implies a minimum use of force, is sufficient for [assault consummated by battery]." *United States v. Sever*, 39 M.J. 1, 4 (C.M.A. 1994). Surely the same is true of intercourse. The fact of intercourse was brought out in the providence inquiry. (R. at 59-60, 63.) The facts of CR's age, under sixteen, and Appellant's knowledge of it, were brought out. (R. at 56, 59-60.) These facts are sufficient basis for the offense to which Appellant pleaded guilty.

We conclude that there is no substantial basis in law or fact for questioning the guilty plea to assault and battery.

**Announcement of findings, and other anomalies**

We note that when findings were announced, the announcement was incomplete. The military judge announced, "To the lesser-included offense of battery on a child under the age of 16 under Article 128, UCMJ: Guilty. And to Charge II: Guilty." Concerning Charge I, which was under Article 120, Appellant had pleaded guilty to a lesser included offense under Article 128. Although it surely pertained to Charge I, it is not clear whether the announcement mentioning Article 128 was an announcement as to the specification of Charge I or as to Charge I, or perhaps it was intended to be an announcement as to both. It is usual to make a specific statement concerning each specification and, separately, each charge. *See* Manual for Courts-Martial (MCM), United States (2008 ed.), App. 10. Attempting to combine the charge and the specification with a single use of the word "guilty," without explicitly mentioning both charge and specification(s), risks leaving the announcement incomplete. As to Charge I of this case, whatever the military judge's intent, the announcement was ambiguous at best. Concerning Charge II, clearly there was no announcement as to the specification.

However, we see no prejudice in this guilty plea case. *See United States v. Giermek*, 3 M.J. 1013, 1014 (C.G.C.M.R. 1977) ("The failure of the court to enter a finding as to each charge is harmless error in view of the entry of findings as to the single specification under each charge."); *United States v. Naputi*, 68 M.J. 538, 539 (C.G.Ct.Crim.App. 2009) ("There is no prejudice to an accused from the failure to enter a finding to a specification to which the accused has pleaded guilty, especially where it is the sole specification under the charge.").

Nevertheless, we urge military judges to use the forms provided in MCM Appendix 10 when stating findings and to ensure that the findings are unambiguous and complete.

Similarly, irregular renditions of pleas, as well as findings, are found at other points in the record. First, the pretrial agreement (Appellate Ex. XI) indicates that the agreed pleas include "Guilty*" of Charge I, violation of UCMJ, Article 120, and "Not-Guilty*" of the specification, with the footnote "* But GUILTY of the Lesser Included Offense of Assault consummated by battery upon a child under the age of 16, Article 128, UCMJ," followed by a revised specification alleging unlawful touching. Following the forms in MCM Appendix 10 (which are intended for findings, but would naturally serve as well for pleas), the agreement would more correctly have been expressed the other way around, as "Not-Guilty*" of Charge I, and "Guilty*" of the specification.

In an abbreviated version of the pretrial agreement, Appellant's plea at trial was "to Charge I and the Specification: Not Guilty. To the lesser included offense, Article 128: Guilty. To the Charge: Guilty." This version is ambiguous, implying that Appellant was first pleading not guilty to the charge of violation of Article 120, but then pleading guilty to it. We infer that he did not intend to plead guilty to a violation of Article 120; the case proceeded with the understanding that he was pleading guilty to a violation of Article 128.

In a further variation, the promulgating order recites that Appellant pleaded not guilty and was found not guilty of Charge I, and that to the specification thereunder, he pleaded and was found "Not Guilty/Guilty to violation of Art. 128*" with the footnote, "*Accused pled Guilty and was found Guilty of the lesser included offense of Assault consummated by a battery upon a child under the age of 16, in violation of Art. 128, UCMJ."

One might argue that following the correct form in pleas and findings is unimportant. But as long as we have a system in which we have charges and, separately, specifications, we diverge at our peril from clear and unambiguous statements of the pleas and findings with respect to those charges and specifications.

In one more confusing act, the charge sheet was amended by the trial counsel, apparently after trial, by a line drawn through the entire specification under charge I, with the notation "Withdrawn and dismissed without predjudice [sic] by direction" followed by trial counsel's signature and the date of trial, "16 APR 10". This appears to implement trial counsel's affirmative response to the military judge's question at the time of findings, "Does the government desire to withdraw the portion of Charge I to which the accused has pled not guilty?" Trial counsel's affirmative response reflects, in turn, a term of the pretrial agreement: "I understand and agree that, in return for my pleas of guilty, and following the military judge's acceptance of my pleas, the convening authority will withdraw the language and/or charges and specifications to which I have pled not guilty." There is no indication on the charge sheet of exceptions and substitutions or other manifestation of the lesser included offense to which Appellant pleaded guilty. This crossing out of the specification is unhelpful. It makes the work of reviewing and appellate authorities harder because the specification on the charge sheet is difficult to read. In this case, it also suggests at first glance that the specification is completely out of the case, with no substitute, which is not so. It is not clear why anyone would think that post-trial amendment of the charge sheet is necessary or useful. The Discussion following R.C.M. 604(a) does not mandate such action, and we know of no authority that does.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judges McTAGUE and JOHNSON concur.



For the Court,

John T. Ure
Clerk of the Court

9