# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman Basic BRIAN J. LAVENDER
### United States Air Force

## ACM S32171

## 03 November 2014

Sentence adjudged 24 July 2013 by SPCM convened at Joint Base Charleston, South Carolina. Military Judge: Michael J. Coco (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 8 months, and forfeiture of $1,010.00 pay per month for 10 months.

Appellate Counsel for the Appellant: Captain Nicholas D. Carter.

Appellate Counsel for the United States: Major Roberto Ramírez and Gerald R. Bruce, Esquire.

Before

MITCHELL, WEBER, and CONTOVEROS
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

MITCHELL, Senior Judge:

A special court-martial composed of a military judge sitting alone convicted the appellant, consistent with his pleas, of distribution of cocaine, divers wrongful use of cocaine, willful dereliction of duty on divers occasions by wrongfully using an over-the-counter medication, and failure to obey a no-contact order on divers occasions, in violation of Articles 92 and 112a, UCMJ, 10 U.S.C. §§ 892, 912a. The adjudged sentence consisted of a bad-conduct discharge, confinement for 10 months, and forfeiture of $1,010 pay per month for 10 months. Pursuant to a pretrial agreement, the convening

authority approved only 8 months of confinement, but he approved the remainder of the sentence as adjudged.

On appeal the appellant raises two issues. First, he argues his plea to the dereliction of duty was improvident as he was charged with "wrongfully using dextromethorphan, an over-the-counter medication, in excess of the prescribed dosage, for the purpose of altering mood or function." The appellant argues that an over-the-counter medication is not dispensed per a prescription, so therefore there is no prescribed dosage. Second, he asserts that his sentence is inappropriately severe. We disagree on both issues and affirm the findings and approved sentence.

*Background*

By the time of the court-martial, the appellant was an Airman Basic (AB) with 18 months of service at his first duty station. He pled guilty to the charged offenses, and pursuant to his pleas he was found guilty. He admitted that he used cocaine on three occasions. The third time, he obtained money from his girlfriend, AB AJ, which he used to purchase cocaine so they could celebrate her birthday. He obtained the cocaine from someone in a club in downtown Charleston, South Carolina (SC), called "The Music Farm." The appellant and AB AJ then went to a motel room, where he showed her how to ingest the cocaine through her nose with a rolled-up dollar bill. He also invited another Airman, AB SB, to the motel and provided some of the cocaine for him to use. The appellant was later issued a lawful order not to have any contact with AB SB, but he went to Folly Beach, SC, with AB SB in violation of the order. A few days later, he was found in the dayroom of his dorm building with AB SB and another Airman, both of whom appeared intoxicated and surrounded by a large number of empty pill containers for dextromethorphan.

The appellant admitted that he knew he had a duty to obey Air Force Instruction (AFI) 1-1, *Air Force Standards* (7 August 2012). In the stipulation of fact, the appellant admitted to a violation of paragraph 2.6.1 of that instruction by taking about 20 to 30 pills on 10 to 15 occasions for the purpose of altering his mood or function, specifically "for the purpose of getting a 'trip.'"

*Providence of the Plea*

We review a military judge's decision to accept a guilty plea for an abuse of discretion, and we review questions of law arising from the guilty plea de novo. *See United States v. Inabinette,* 66 M.J. 320, 322 (C.A.A.F. 2008). "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Id.*; *see also United States v. Prater*, 32 M.J. 433, 436

(C.M.A. 1991) (holding that a plea of guilty should not be overturned as improvident unless the record reveals a substantial basis in law or fact to question the plea).

The military judge may consider both the stipulation of fact and his inquiry with the appellant when determining if the guilty plea is provident. *United States v. Hines*, 73 M.J. 119, 124 (C.A.A.F. 2014) (citing *United States v. Whitaker*, 72 M.J. 292, 293 (C.A.A.F. 2013)). "In reviewing the providence of Appellant's guilty pleas, we consider his colloquy with the military judge, as well any inferences that may reasonably be drawn from it." *United States v. Carr*, 65 M.J. 39, 41 (C.A.A.F. 2007) (citing *United States v. Hardeman*, 59 M.J. 389, 391 (C.A.A.F. 2004)). A military judge abuses his discretion when accepting a plea if he does not ensure the accused provides an adequate factual basis to support the plea during the providence inquiry. *See United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969). This is an area in which the military judge is entitled to significant deference. *Inabinette*, 66 M.J. at 322.

The Specification of the Additional Charge alleges a violation of Article 92(3), UCMJ, for willful dereliction of duty, specifically that the appellant

> [w]ho knew or should have known of his duties . . . was derelict in the performance of those duties in that he willfully failed to obey paragraph 2.6.1, Air Force Instruction 1-1, Air Force Standards, dated 7 August 2012, by wrongfully using dextromethorphan, an over-the-counter medication, in excess of the prescribed dosage, for the purpose of altering mood or function, as it was his duty to do.

AFI 1-1, paragraph 2.6.1 states:

> The knowing use of any intoxicating substance (other than the lawful use of alcohol, tobacco products, or prescription drugs), which is inhaled, injected, consumed, or introduced into the body in any manner to alter mood or function is prohibited and will not be tolerated. These substances include . . . prescription or over-the-counter medications when used in a manner contrary to their intended medical purpose or in excess of the prescribed dosage . . . ."

The appellant signed a stipulation of fact in which he admitted that he did not have a "lawful purpose for using Cocaine or Dextromethorphan ("CCCs") in excess of the prescribed dosage." The stipulation of fact also provided that in September 2012, the appellant "suggested to his friends and fellow Airmen, that they take 'CCCs' for the purpose of getting a 'trip.' 'CCCs' are cold medication in pill form. The prescribed dosage is 60–120 [milligrams (mg)] daily in divided doses for adults. Generally, brands

contain between 20–30 mg per dose." On 10 to 15 occasions the appellant took 20 to 30 pills for a dosage ranging between 400 to 900 mg per use, and he admitted that he did so for the purpose of altering his mood or function.

During the providence inquiry, the military judge asked the appellant additional questions about his misuse of the cold medication. The appellant stated he was aware of the duty not to misuse it from briefings at commander's calls. He admitted that he did not have any legal justification or excuse and that he did not have a cold or congestion when he used the medication. He stated that while "[t]he prescribed amount would be one or two [pills]," he would use "between 20 to 30." When asked why, the appellant answered forthrightly: "In order to become intoxicated."

We find no substantial basis for questioning the guilty plea in law or in fact. The military judge did not abuse his discretion in accepting the guilty plea. The appellant in both his written stipulation of fact and his colloquy with the military judge admitted that the prescribed amount was about two pills and that he used 10 times that amount or more for the sole purpose of its intoxicating effect. The appellant on appeal argues that an over-the-counter medication cannot be used in excess of its prescribed amount as there is no prescription from a medical provider. However, at trial the appellant repeatedly stated that the dextromethorphan had a defined prescribed amount. We see no reason to question the appellant's sworn statements on the record.[1]

*Sentence Appropriateness*

The appellant's final contention is that his punishment was overly harsh, particularly in light of his co-conspirators' sentences. This court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We review sentence appropriateness de novo, employing "a sweeping congressional mandate to ensure a fair and just punishment for every accused." *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (internal quotation marks omitted).

In determining the appropriateness of a sentence, we are not required to engage in comparison with specific cases "except in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases." *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F.

---

[1] We note that Air Force Instruction 1-1, *Air Force Standards* (7 August 2012), also prohibits the use of intoxicating substances to alter mood or function to include "medications when used in a manner contrary to their intended medical purpose." We did not consider this alternate theory as it was not discussed at trial. *See United States v. McCracken*, 67 M.J. 467, 468 (C.A.A.F. 2009); *United States v. Ober*, 66 M.J. 393, 405 (C.A.A.F. 2008) ("An appellate court cannot affirm a criminal conviction on the basis of a theory of liability not presented to the trier of fact.").

1999) (quoting *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). The "appellant bears the burden of demonstrating that any cited cases are 'closely related' to his or her case and that the sentences are 'highly disparate.'" *Id.* If the appellant satisfies his burden, the Government must then establish a rational basis for the disparity. *Id.* However, even when we are not required to compare to other specific cases, we use our collective knowledge in determining if a sentence is appropriate. *Ballard*, 20 M.J. at 286.[2]

The appellant argues that his sentence is disparate from those of AB AJ and AB SB as neither of them received a bad-conduct discharge. AB AJ was convicted of a single use of cocaine, which the appellant distributed to her,[3] and divers failure to obey a lawful general regulation by misusing dextromethorphan. Her approved sentence was 3 months of confinement, reduction to E-1, and forfeiture of $1,010 pay per month for 5 months. AB SB, meanwhile, was convicted of divers use of cocaine and marijuana, divers dereliction of duty, failure to obey a lawful general regulation for misuse of dextromethorphan, and failing to obey two no contact orders. His approved sentence was 12 months of confinement, forfeiture of $1,010 pay per month for 12 months, and a reprimand. Neither AB AJ nor AB SB was convicted of distribution of cocaine. The appellant has failed to meet his burden that the cases are closely related. Additionally, the appellant had two Article 15s, one vacation action, two letters of reprimand, and two letters of counseling. We have considered the entire record of trial and conclude that the approved sentence is appropriate.

*Conclusion*

The approved findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[2] [T]he experienced and professional military lawyers who find themselves appointed as trial judges and judges on the courts of military review have a solid feel for the range of punishments typically meted out in courts-martial. Indeed, by the time they receive such assignments, they can scarcely help it; and we have every confidence that this accumulated knowledge is an explicit or implicit factor in virtually every case in which a military judge imposes sentence or a court of military review assesses for sentence appropriateness.

*United States v. Ballard*, 20 M.J. 282, 286 (C.M.A. 1985).

[3] Trial counsel argued that AB AJ "is a victim in that [the appellant] distributed cocaine to her and that she was later convicted because of it." The military judge sustained the objection to AB AJ being a classified as a victim because she voluntarily consumed the cocaine. Similarly, we did not consider AB AJ a victim of the appellant's offense when determining if the two cases were closely related. However, we do consider that AB AJ did not distribute cocaine as a factor.

Accordingly, the approved findings and sentence are **AFFIRMED**.


FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM S32171